## CHARLES F. FRIES v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

May 16, 1924.

No. 23,919.

**New trial not required because of any error in charge.**

1. The charge relative to contributory negligence and assumption of risks as applied to interstate commerce was confusing, but it was finally stated correctly. It is *held* that there was no error requiring a new trial.

**Award for pain and suffering excessive.**

2. The plaintiff's intestate died within 4 or 5 hours after his injury. Opiates were administered within a half hour. The evidence does not show that there was substantial conscious pain afterwards. During the half hour he was intermittently conscious, and when conscious suffered severely. *Held* that an award of $7,500 for pain and suffering was excessive, and should be reduced conditionally to $1,500.

Action in the district court for Steele county by the special administrator of the estate of A. J. Hollenbeck, deceased, to recover $40,000 for the death of plaintiff's intestate. The case was tried before Childress, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict of $7,500 for earning ability and for $7,500 on account of pain and suffering. From an order, Senn, J., denying defendant's motion for judgment notwithstanding the verdict and denying a new trial if plaintiff consented to a reduction of the verdict for pain and suffering to $5,000, or a total of $12,500, defendant appealed. Affirmed on condition the award for pain and suffering be reduced to $1,500.

*O'Brien, Horn & Stringer,* for appellant.

*Tom Davis, Ernest Michel* and *Leach & Leach,* for respondent.

[1]Reported in 198 N. W. 998.

DIBELL, J.

Action to recover damages for the death of the plaintiff's intestate. The jury returned a verdict for $15,000, allowing $7,500 for the pecuniary loss accruing to the widow, the sole beneficiary, and $7,500 for the pain and suffering of the deceased. The defendant moved for judgment notwithstanding or a new trial. The court entered an order granting the motion for a new trial unless the plaintiff remitted $2,500 of the award of $7,500 for pain and suffering. The plaintiff remitted. The defendant appeals from the order.

1. The plaintiff's intestate was a pile driver engineer, employed by the defendant in interstate commerce, working at the time of his injury near Watertown, South Dakota. The pile driver was being transported by a locomotive of the defendant from one place of work to another some miles distant. The deceased was in charge of his engine. The pile driver toppled over and he was killed by escaping steam. The defendant does not claim that the evidence was insufficient to warrant a finding of its negligence; nor does it claim that the question of contributory negligence and assumption of risks were questions of law to be resolved in its favor by the court. It claims that they were improperly submitted to the jury.

Contributory negligence was a partial defense. The doctrine of comparative negligence applied. Assumption of risk was a complete defense. There was confusion in the charge of the court presenting the law of the two defenses. There was a failure to distinguish clearly between the effect of the proof of one or of the other. There was an unnecessary reference to the Minnesota law, which was in no event applicable; but this was more likely to the prejudice of the plaintiff than of the defendant. The law applicable in interstate commerce was finally stated correctly. The defendant presented no requests to charge. It made no suggestion or objection or exception to the manner of the submission. The confusion in the presentation of the issues was unfortunate but not such, in view of the finally correct statement of the law, as to require a new trial. There was not much of anything in the two defenses of the defendant.

2. The award of $7,500 for the pain and suffering of the deceased is based on the amendment of April 5, 1910, to the Employers Liability Act. 36 St. 291. An award can be given only when an appreciable time elapses between the injury and death and the deceased has conscious pain. St. Louis I. M. & S. Ry. Co. v. Craft, 237 U. S. 648, 35 Sup. Ct. 704, 59 L. ed. 1160; Great Northern Ry. Co. v. Capital Trust Co. 242 U. S. 144, 37 Sup. Ct. 41, 61 L. ed. 208, L. R. A. 1917E, 1050, reversing 128 Minn. 537, 150 N. W. 1102, 127 Minn. 144, 149 N. W. 14; New Orleans & N. E. R. Co. v. Harris, 247 U. S. 367, 38 Sup. Ct. 535, 62 L. ed. 1167, and cases cited.

The decedent was injured some 4 miles out of Watertown. The evidence is far from definite or complete as to his suffering. Opiates were administered at the hospital within a half hour of the accident. The evidence does not indicate that there was substantial conscious suffering afterwards. He died within 4 or 5 hours. He was intermittently conscious during the half hour, and during his conscious moments suffered severely. There was no long or continuous period of pain. The shock was great. The award for conscious pain and suffering is excessive. Cases are collected in L. R. A. 1916C, 817. It should not exceed $1,500. That amount is sustained by the evidence and is not excessive. Usually so great a reduction will not be made. There will be a new trial instead. Here the award for pecuniary loss to the widow is moderate. The cause of action in which she is the beneficiary is a meritorious one. The defendant has no more than a nominal defense. Upon a new trial a verdict for the plaintiff ought to result. There should not be a new trial absolute. It is optional with the plaintiff to consent to a reduction. The defendant has no choice. This is for consideration in fixing the amount which the defendant must pay, if the plaintiff elects to accept.

The order is affirmed on condition that within 10 days after the going down of the remittitur the plaintiff consent to the reduction of the award for pain and suffering to the sum of $1,500; otherwise a new trial.

Affirmed on condition.

STONE, J., took no part.