### STONE *v.* SINCLAIR REFINING CO.

NEGLIGENCE — DEATH — SURVIVAL ACT—TRIAL—INSTRUCTIONS—RE-COVERY FOR PAIN SUFFERED WHILE UNCONSCIOUS NOT AUTHORIZED. In an action under the survival act for the wrongful death of plaintiff's decedent, where the instruction of the trial court is open to the objection that the jury may have inferred therefrom that they were authorized to award damages for pain suffered by plaintiff's decedent while she was unconscious, which is reflected in the size of the verdict, the judgment will be reversed.[1]

Error to Muskegon; Vanderwerp (John), J.   Submitted October 24, 1924.   (Docket No. 154.)   Decided December 10, 1924.

Case by Clark Stone, administrator of the estate of Gladys Stone, deceased, against the Sinclair Refining Company for the negligent killing of plaintiff's decedent.   Judgment for plaintiff.   Defendant brings error.   Reversed.

*Cross, Foote & Sessions,* for appellant.

*Carpenter & Jackson,* for appellee.

[1]Death, 17 C. J. § 186.

BIRD, J.   Plaintiff, as administrator, instituted this suit against defendant, under the survival act, to recover damages for the wrongful death of his decedent, Gladys Stone.   The jury found in his favor and awarded damages in the sum of $7,380.   Defendant assigns error.   This case involves the same state of facts described in *Stone* v. *Sinclair Refining Co.*, 225 Mich. 344, and the same wrongful acts therein complained of are relied upon in this case for a recovery. The testimony in this case shows that after the explosion Gladys was found unconscious under the kitchen sink.   She was badly burned.   She was carried out of the house by a member of the fire department, and soon after taken to the hospital where she was given medical attention.   At times she appeared to be conscious, but most of the time she was unconscious, in the opinion of the physician.   She survived about four hours.

Defendant complains of the following instruction to the jury on the question of damages:

"You will thus observe that there are two elements of damages on which the plaintiff will be entitled to recover in case you find for the plaintiff; first, the fair and reasonable, just and actual compensation for the pain and suffering, if any, which Gladys Stone endured from the time of the injury to the time of her death, and in your determination of that question you will bring into consideration the evidence bearing upon that subject; *consider and determine whether she was conscious or unconscious because it is a matter of common experience and common observation that a person that is unconscious does not suffer as much pain as he or she does if entirely conscious.* So you will take into consideration and determine whether Gladys Stone, after she sustained the injury, was conscious or unconscious, and determine from the evidence, what, in your sound judgment, will fairly and reasonably compensate for any suffering which she may have endured as the result of any injury, up to the time of her death.   No witness can testify to the amount of

such damages; they must be left to the sound judgment of the jurors."

Counsel take exception to that part of the charge which appears in italics, and they argue that by that portion of the charge the trial court, at least by inference, authorized the jury to award damages for unconscious pain and suffering. The meaning which the court intended to convey by the words "as much pain" is not as clear as it might be, but we do not think the court intended to instruct the jury that they could award damages for unconscious pain. Had the court so intended it would not have been so careful to precede and follow the language complained of by the injunction "to determine whether Gladys was conscious or unconscious." This instruction was an idle instruction had it intended to charge that damages might be awarded for unconscious pain. We, however, feel the force of counsel's argument that the jury might have drawn the inference claimed, and the size of the verdict indicates that they may have done so. Inasmuch as the language complained of is involved in doubt and may have served to enhance the amount of the verdict, we think it should be regarded as reversible error. Perhaps we should add, in doing so, that we would be loth to declare the language reversible error were it not for the fact that the size of the verdict indicates that it may have been affected by it.

It will be unnecessary to consider the remaining assignments, as they are not likely to arise upon a retrial.

. The judgment of the trial court will be reversed and a new trial granted.

Defendant will recover its costs in this court.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.