**RED ARROW FREIGHT LINES, Inc**
**GRAVIS.**
No. 9615.

Court of Civil Appeals of Texas.
San Antonio.
June 19, 1935.

Johnson, Rogers, Slatton & Johnson, of San Antonio, and Lloyd & Lloyd, of Alice, for appellant.

Perkins & Floyd, of Alice, for appellee.

MURRAY, Justice.

Appellee, C. K. Gravis, Jr., as plaintiff below, instituted this suit against appellant, Red Arrow Freight Lines, Inc., seeking to recover damages for personal injuries sustained by him as well as damages to his truck as a result of a collision between a truck owned by appellee and a truck owned by appellant.

The collision occurred in the village of Ben Bolt, which is located on state highway No. 12, about eight miles south of the city of Alice. It appears from the evidence that the collision occurred while appellee's truck was attempting to make a left turn and continue its journey upon a gravel road leading from the highway to a cotton gin in the village of Ben Bolt, and appellant's truck was attempting to pass appellee's truck on the left side.

Appellee was standing upon the running board of his truck on the left side, and as a result of the collision sustained serious bodily injuries. The cause was submitted to a jury upon some 44 special issues, and resulted in the jury convicting the driver of appellant's truck of negligence and acquitting appellee and the driver of his truck of contributory negligence.

The jury also awarded appellee damages as follows: Damages to truck $51.35; damages for doctor, hospital, drug, and other bills, $1,575; damages for personal injuries, $13,500.

Based upon the jury findings, the trial judge rendered judgment in appellee's favor and against appellant in the total sum of $15,126.35, from which judgment the Red Arrow Freight Lines, Inc., has prosecuted this appeal.

By appellant's first proposition it contends the trial judge committed error in instructing the jury that they could consider, as an element of damage, the reasonable value of the loss of time of appellee from the date of the accident to the date of the trial because there was no evidence showing the value of his loss of time.

The evidence relating to the value of loss of time is: That appellee was operating a fleet of three trucks, with which he hauled cotton during the cotton season and well-drilling machinery and such other freight as he could secure to haul during the rest of the time; that he did not drive his trucks himself, but hired men to drive them; that in loading bales of cotton four men were required on the ground and one on the truck; that appellee assisted in the loading of cotton; that his gross returns from his business averaged at least $300 a month, or from $3,000 to $4,000 per year. Appellee testified, in a deposition, that he had a fairly accurate set of books that would disclose his net earnings, that he would produce his books at the trial, and that his trucks had been used some since the accident. On the trial he testified that his books were incomplete and would not reveal the true condition of his business or his net profit derived therefrom, and that his trucks had been standing in his yard since the accident. Appellee did not produce his books at the trial, or attempt in any other way to show what the net earnings of his business had been for the years preceding the accident. The evidence was sufficient to show that appellant had not been able to work from the time of the accident, which occurred on July 27, 1933, up until the time of the trial, which was had in May, 1934. It was further shown that appellee was in good health and had conducted his trucking business for several years prior to and up to the time of the accident.

The question here presented is whether or not this evidence was sufficient, under the circumstances, to warrant the jury in finding the value of his lost time or earnings. 13 Tex. Jur. p. 385, § 223, reads as follows: *"Loss of Time or Earn-*

*ings.*—Loss of earnings by reason of injury to the plaintiff must be proved because the amount of loss on this account can be accurately established; and the best proof the nature of the case admits is always required. Ordinarily, the reasonable value of the lost time or earnings can be determined by no standard of greater accuracy than that supplied by an ascertainment of the sum which the plaintiff was earning immediately preceding the injurious occurrence. The plaintiff may testify as to the value of the amount lost by reason of his injury. The actual value of lost earnings being the real matter in issue, testimony as to the worth of the plaintiff's time to his family is inadmissible. Testimony that on account of his injuries the plaintiff was compelled to employ a man at stated wages to take his place in superintending work which he had contracted to do is evidence of loss of time and its value."

It will be noted, appellee did not offer any evidence as to the value of his services to his trucking business. He did not show, even approximately, what his net earnings from his business were prior to his injuries. He did not show what it would have cost him to employ a man to take his place as superintendent of his trucking business. He did not show what his trucks earned after his injury, although he testified that his trucks were in use part of the time. Under such circumstances, a finding of the jury as to the value of his loss of time would be left entirely to conjecture and would be nothing more than a guess or surmise. Panhandle & S. F. R. Co. v. Reed (Tex. Civ. App.) 273 S. W. 611; Galveston, H. & S. A. v. Thornsberry (Tex. Sup.) 17 S. W. 521, 523; International & G. N. Railway Co. v. Simcock, 81 Tex. 503, 17 S. W. 47; Texas & P. Railway Co. v. Bigham (Tex. Civ. App.) 30 S. W. 254; Houston & T. C. R. Co. v. Bird (Tex. Civ. App.) 48 S. W. 756; South Plains Coaches v. Behringer (Tex. Civ. App.) 32 S.W.(2d) 959; Ft. Worth & D. C. R. Co. v. Brown (Tex. Civ. App.) 205 S. W. 378; American Produce Co. v. Gonzales (Tex. Civ. App.) 1 S.W.(2d) 602; Northern Texas Traction Co. v. Brannon (Tex. Civ. App.) 61 S.W.(2d) 156, 157; 17 C. J. p. 896; Texas & P. Ry. Co. v. Feagan (Tex. Civ. App.) 80 S.W. (2d) 396; Dallas Ry. & Terminal Co. v. Darden (Tex. Civ. App.) 23 S.W.(2d) 739, writ refused (Tex. Com. App.) 38 S.W. (2d) 777. It is stated in 13 Tex. Jur. p. 182, § 88: "Where it appears that the plain-

tiff was employed in his own business, the amount of the recovery must be determined by the effect of his disability upon the returns of the business." We sustain appellant's first proposition.

By its second proposition appellant complains of the court's charge to the jury, in which they were instructed that in determining the amount of damages recoverable by appellee, they could take into consideration appellee's decreased ability to earn money in the future, as there was no evidence showing the value of such decreased ability. We sustain this proposition. What we have said with reference to the first proposition is also applicable here. It is stated in 17 C. J. p. 896: "There is no distinction between loss of earning and loss of time as to the necessity of proof of their value. In either case such proof is ordinarily essential to support a recovery."

13 Tex. Jur. p. 389, § 226, reads as follows:

"*Amount of Diminution.*—Whether the injured party had been working for a salary theretofore, or whether he had been working in his own business. It is said that the only basis upon which his loss can be determined is from evidence of the use he had made of his capabilities and opportunities in the way of earning money, compared with the use he is capable of making of his impaired powers after the injury has been received. Consequently, where it appeared that the plaintiff performed no duties or work of any kind prior to the injury, the court held that no issue as to impaired earning capacity was raised. Nor is it sufficient merely to prove a diminution in the plaintiff's earning capacity; proof must be made of facts which enable the jury to reach an intelligent conclusion as to the amount of loss resulting therefrom in order that the issue of impaired earning capacity may be submitted to them.

"While the plaintiff is not required to prove the amount, he is required to prove facts from which the jury can determine the proper amount. Proof should be made of the plaintiff's previous vocation and his earning capacity, and the extent to which it has been affected. Evidence showing the present condition of the plaintiff is admissible in this connection. Whereas proof of the plaintiff's capacity to earn money following the injury is material, it seems that more definite proof is required as to the

former earning capacity than as to the extent of the impairment. Where his capacity is susceptible of definite proof, such proof must be offered. If it is impossible to establish definitely the earning capacity of the injured person, the facts which make it so should be shown in order that the jury may be permitted to estimate it in their own judgment, without fuller proof, and to allow full compensation for the diminution in the amount of earnings. In such case it is incumbent upon the plaintiff to show the nature and character of his business or employment with that degree of certainty of which the case is susceptible."

It is plain from the above statement of the law that appellee did not give to the jury such facts as would enable them to intelligently determine the money value of his diminished earning capacity. It is further clear that appellant, having been engaged in the trucking business in the vicinity of Alice for several years, could have furnished the jury facts which would have enabled them to intelligently determine the value of his diminished ability to earn money in the future and should not have left this matter to the mere conjecture of the jury.

■ Appellant's third and fourth propositions will be sustained. These propositions relate to the failure of appellee to show that his doctor bills, hospital bill, and the bill for the repair of his truck were reasonable, and in the absence of such proof no recovery can be had for these items. Missouri, K. & T. Ry. Co. v. Warren, 90 Tex. 566, 40 S. W. 6; Wheeler v. Tyler S. E. Ry. Co., 91 Tex. 356, 43 S. W. 876; Dickey et al. v. Phoebe Jackson (Tex. Com. App.) 1 S.W.(2d) 577; American Produce Co. v. Gonzales (Tex. Com. App.) 1 S.W.(2d) 602; Petroleum Casualty Co. v. Green (Tex. Civ. App.) 11 S.W. (2d) 388, 389; Phœnix Refining Co. v. Tips (Tex. Civ. App.) 66 S.W.(2d) 396; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144; Cruse v. Chacon (Tex. Civ. App.) 67 S.W.(2d) 399, 402.

Appellee, in effect, concedes this to be the rule in Texas, and offers to file a remittitur for these items, if required to do so by this court.

■■ By its sixth and seventh propositions, appellant complains of the admission in evidence of the statement of the driver of appellant's truck to the effect that the accident was his fault.

It appears from the evidence that after the collision one Artes Shares, who was the driver of appellant's truck, left the scene of the accident and went to one or two nearby houses for the purpose of telephoning for help, and, failing to find a telephone, had returned to the scene of the accident. It further appears that one F. J. Oeff, who was riding on appellee's truck at the time of the accident, went to Victor Garcia's store and phoned for an ambulance, and when he returned Shares, appellant's driver, was present at the scene of the accident. Both Oeff and Joe Turley testified that at this time Shares made the statement, in effect, that the accident was his fault. Turley estimates the time as fifteen minutes after the accident occurred, and Oeff only fixes the time by saying that he was not gone from the scene of the accident more than three or four minutes. This testimony was objected to by appellant, upon the ground that same was not shown to be res gestæ; that it was hearsay and a mere conclusion of the witness.

■ We are of the opinion that the admission of this testimony, over appellant's objection, was error. The collision had already taken place; both Shares and Oeff had turned their thoughts to securing aid for appellee, who was badly injured; they had left the scene of the accident and gone to nearby houses and returned. Shares was not the owner of the Red Arrow truck; he was only employed by appellant to drive the truck, and would not have implied authority to confess liability. This statement seems to be so disconnected with the accident as not to become a part of the res gestæ. However, if it be regarded as a part of the res gestæ, it was not a statement of any fact, it was at most a conclusion and was concerning a mixed question of law and fact, and was the ultimate issue to be decided by the jury. It invaded their province. Such a statement made by an agent, who had no apparent authority, under the circumstances and at the time shown, was not binding on the principal, and should have been excluded. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882; De Walt v. Houston E. & W. T. Ry. Co., 22 Tex. Civ. App. 403, 55 S. W. 534; Wall & Stabe Co. v. Berger (Tex. Civ. App.) 212 S. W. 975; Morgan v. Maunders (Tex. Civ. App.) 37

S.W.(2d) 791; Panhandle & S. F. R. Co. v. Laird (Tex. Civ. App.) 224 S. W. 305; 22 Corpus Juris, p. 469; Lane v. Bryant, 9 Gray (Mass.) 245, 69 Am. Dec. 282.

Appellant's ninth and tenth propositions present close questions which depend entirely upon the predicate laid for the admission of this testimony. In view of a retrial of this cause which the error heretofore pointed out requires, and in view of the fact that a different predicate for the admission of this testimony may be made upon another trial, we will here refrain from discussing these propositions.

It is, also, not necessary to here discuss appellant's other propositions, such as those relating to the misconduct of the jury.

The judgment of the lower court will be reversed, and the cause remanded.