Roberto CANALES, Appellant,

v.

BANK OF CALIFORNIA et al., Appellees.

No. 3390.

Court of Civil Appeals of Texas.

Eastland.

Sept. 12, 1958.

Rehearing Denied Oct. 3, 1958.

Park Street, Walter Powell Gray, San Antonio, for appellant.

Rankin, Cherry & Martinez, Hendrichson, Bates & Hall, Edinburg, for appellees.

GRISSOM, Chief Justice.

The Bank of California, as the executor of the estate of Virginia Ridgeway and for the use and benefit of Virginia Nash, her daughter, sued Roberto Canales for damages. It alleged that Mrs. Ridgeway was a passenger in an automobile which was driven by her husband, T. C. Ridgeway, south on farm road 494 near Mission, Texas; that at its intersection with farm road 676, road 494 was a through highway; that there were stop signs at the southwest and northeast corners of 676 at such intersection; that after the Ridgeway automobile entered said intersection and was about three-fourths through it was struck on its right front by an automobile driven east by Canales; that the Ridgeway automobile was knocked one hundred and fifty feet southeast of the intersection; that Mrs. Ridgeway was thrown to the pavement, causing a fractured skull and other injuries from which she "died immediately". The Bank alleged Canales did not stop or slow his car but drove east into the intersection in excess of 55 miles per hour, failed to keep a proper lookout, failed to stop at the stop sign, as required by Article 6701d, § 73(b), failed to yield the right of way and failed to apply his brakes in time to avoid striking the Ridgeway car; that, as a result, the Bank paid or became obligated to pay $774.32 and $162, respectively, to two funeral homes and that Mrs. Ridgeway suffered mental and physical pain and anguish to plaintiff's damage in the sum of $15,000; that Mrs. Ridgeway was sixty-two and had a life expectancy of thirteen years; that her daughter, Virginia Nash, was twenty-six and in poor financial circumstances; that for five years Mrs. Ridgeway had contributed $500 per year to her support and would have continued to do so and that Virginia Nash had thereby been damaged $6,500.

Velma Fox and Hazel Siler, daughters of Mr. Ridgeway, as administratrices of his estate, sued Canales for damages resulting from his death. They alleged that Ridgeway was driving south on road 494 when the collision occurred; that Canales was driving east on road 676; that Canales attempted to drive through said intersection when it was already occupied by the Ridgeway automobile; that he drove into said intersection at 55 miles per hour, without stopping at the stop sign; that Mrs. Ridgeway was killed "instantly" and Mr. Ridgeway died six weeks later and that his automobile was wrecked and was a total loss. Said plaintiffs alleged the collision was caused by the negligence of Canales in failing to stop before entering the intersection, driving at an excessive speed and failing to keep a proper lookout for vehicles approaching or in said intersection before so driving into it.

Said plaintiffs alleged Canales was estopped from denying that his conduct was negligent and unlawful because he had pleaded guilty to a charge of negligent homicide in connection with said collision. They sought to recover the expenses of doctors, nurses, the funeral, transportation of the body to Washington, their expenses and damage to Mr. Ridgeway's automobile.

They alleged that Mr. Ridgeway lived for six weeks after the collision and that during most of that time he was "conscious" and suffered excruciating mental and physical pain, for which they sought $20,000 damages.

Canales answered that the collision was caused by the negligence of Mr. Ridgeway; that Canales was confronted with a sudden emergency not caused by his negligence and under the circumstances he acted as a reasonably prudent person and did everything possible to avoid the collision. He also alleged the collision was the result of an unavoidable accident.

Said cases were consolidated and submitted to a jury. It found that (1) Canales failed to keep a proper lookout which was (2) a proximate cause of the collision; that he (3) failed to stop for a stop sign at the intersection and this (4) was negligence and (5) a proximate cause of the collision and that (6) Canales failed to yield the right of way and (7) this was negligence and (8) a proximate cause of the collision. The jury found that (12) T. C. Ridgeway was not operating his vehicle at an excessive speed.

Issues 16, 17, 18 and 19, the instructions in connection therewith, and the jury's answers thereto are as follows:

"Special Issue No. 16:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence, would reasonably compensate Plaintiff, Bank of California, N.A., as the Executor of the Estate of Virginia Ridgeway, deceased, for the injuries and damages, if any, sustained by Virginia Ridgeway, proximately caused by the happening of the collision in question? Answer in dollars and cents.

"We, the Jury, answer: $9,435.00.

"In connection with the foregoing issue, you may take into consideration funeral expenses, if any, physical and mental pain and suffering by her, if any, from the time of the collision until her death, and the loss of earnings to her estate, if any, by reason of her death.

"Special Issue No. 17:

"What amount of money, if any, do you find from a preponderance of the evidence, would, if paid now in cash, reasonably compensate Plaintiffs, Velma Fox and Hazel Siler, as Joint Administratrices of the Estate of T. C. Ridgeway, deceased, for the reasonably necessary expenses incurred by them on account of the injuries and death of T. C. Ridgeway?

"Answer in dollars and cents.

"We, the Jury, answer: $4,425.00.

"Special Issue No. 18:

"What amount of money, if any, do you find from a preponderance of the evidence, would, if paid now in cash, reasonably compensate Plaintiffs, Velma Fox and Hazel Siler, as Joint Administratrices of the Estate of T. C. Ridgeway, deceased, for mental and physical pain suffered by T. C. Ridgeway as a result of his injuries and death?

"Answer in dollars and cents.

"We, the Jury, answer: $10,000.00.

"In arriving at and in determining your answer to the foregoing question, you will take into consideration and allow to said Joint Administratrices whatever sum of money, if paid now, would represent the fair and reasonable value as compensation for mental and physical pain consciously suffered by T. C. Ridgeway between the time when he received his injuries and the time of his death from such injuries. You must not take into consideration, nor allow any sum to Plaintiffs, for their grief and sorrow suffered on account of decedent's death or loss of his society,

affection and companionship; nor are you to take into consideration any loss of pecuniary contributions or advice and counsel, or anything other than such conscious pain and suffering as you may have found, if any.

"Special Issue No. 19:

"What amount of money, if any, do you find from a preponderance of the evidence, would, if paid now in cash, reasonably compensate the Plaintiffs, Velma Fox and Hazel Siler as Joint Administratrices of the Estate of T. C. Ridgeway, deceased, for the damage, if any, to the 1951 Ford automobile driven by T. C. Ridgeway proximately caused by Defendant's negligence, if any such negligence you have found?

"Answer in dollars and cents.

"We, the Jury, answer: $1,200.00."

The court held that all the plaintiffs were entitled to a judgment against Canales based upon said verdict but that, upon motion of the administratrices of the estate of T. C. Ridgeway, $9.57 of the amount found in answer to issue 17 should be remitted because it was that amount in excess of what plaintiffs sued for. Judgment was rendered for the Bank for $9,436, being for damages the jury found, in answer to issue 16, that the representative of the estate of Mrs. Ridgeway should recover because of her injuries, including her funeral expenses, loss of earnings and her pain and suffering. Judgment was rendered for the representatives of Mr. Ridgeway's estate for $15,615.43. Canales has appealed.

Appellant attempts to brief points one through six together but he makes a separate statement under the first and second. His first point is that the court erred in submitting issue 16 and in rendering judgment on the answer thereto because there was no competent evidence to support a finding of damages for pain and suffering, loss of earnings or funeral expenses of Mrs. Ridgeway. The second point is that

the court erred in instructing the jury that it could consider said elements of damages. In connection with said points appellant points out the fact that the executor of Mrs. Ridgeway's estate alleged that Mrs. Ridgeway was killed "immediately"; that said pleadings were never amended; that in connection with issue 16 the court told the jury it could consider the pain and suffering of Mrs. Ridgeway, loss of earnings to her estate and her funeral expenses. Appellant objected to the submission of said issue and to said instruction because they permitted the jury to speculate and consider a pension fund, allowed the jury to speculate on funeral expenses, without limiting them to those actually incurred and that were reasonable and necessary, and permitted them to consider the expenses of cremation, which was not shown to have occurred nor to be reasonable; because it permitted the jury to consider pain and suffering, which was not compensable in the absence of a showing that she was conscious, because there was no evidence of "conscious" pain and suffering by Mrs. Ridgeway and because the Bank had alleged that Mrs. Ridgeway died "immediately" after the collision and it was, therefore, estopped to assert damages resulting from "conscious" pain and suffering. In connection therewith Canales requested an instruction that in finding the amount of damages inquired about the jury could not consider pain and suffering, nor her pension, and could only consider funeral expenses which were shown to have been incurred and reasonable. Canales objected because said issue and instruction were prejudicial and permitted speculation on said improper elements. He further objected because there was a "judicial admission that Mrs. Ridgeway was instantly killed" and, therefore, she could not have been conscious of pain and suffering.

■ When the Bank offered evidence relative to Mrs. Ridgeway's condition after the accident Canales objected because the Bank had alleged she died immediately and, therefore, there could be no recovery for

"conscious" pain and suffering. Said pleading was not amended and appellant's objections were overruled. Regardless of said pleading, the evidence was insufficient to support a finding that Mrs. Ridgeway was conscious of pain and suffering. It is evident the jury allowed a large sum as damages for pain and suffering.

" * * * allowance can be made only for pain and suffering of which the injured person is conscious, and damages for pain during the time that the injured person is unconscious are not allowable." 25 C.J.S. Damages § 62, p. 548.

In Sharpe v. Munoz, Tex.Civ.App., 256 S.W.2d 890, 892 (R.N.R.E.), Judge Pope said,

"The only pain for which there can be a recovery is that which the child consciously experienced, and events that occurred subsequent to a merciful unconsciousness did not prolong nor increase the suffering and are not compensable."

See also Collins v. Smith, Tex.Civ.App., 170 S.W.2d 562, affirmed 142 Tex. 36, 175 S.W.2d 407; Tichenor v. Little, Tex.Civ.App., 279 S.W.2d 379 (R.N.R.E.); Marcus v. Huguley, Tex.Civ.App., 37 S.W.2d 1100 (Writ Dis.); Stone v. Sinclair Refining Co., 229 Mich. 103, 200 N.W. 948; Fries v. Chicago, R. I. & P. R. Co., 159 Minn. 328, 198 N.W. 998 and Vanderlippe v. Midwest Studios, 137 Neb. 289, 289 N.W. 341.

■ Generally, admission in trial pleadings must be regarded as judicial admissions in that case, rather than ordinary admissions, and require no proof of the admitted fact and authorize introduction of no evidence contrary thereto. Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729; Baldwin v. Baldwin, Tex.Com.App., 134 Tex. 428, 135 S.W.2d 92, 96; Bosse v. Cadwallader, 86 Tex. 336, 24 S.W. 798, 801; Houston, E. & W. T. R. Co. v. De Walt, 96 Tex. 121, 70 S.W. 531, 537; Clark v. Eads, Tex.Civ.App., 165 S.W.2d 1019 (Ref. W.M.); 71 C.J.S. Pleading § 59, p. 147; 71 C.J.S. Pleading § 160, pp. 334, 335; 41 Am. Jur. 435; 17 Tex.Jur. 576. We think the applicable rule is correctly stated in Texas Law of Evidence, McCormick and Ray, at page 640, as follows:

" * * * the pleadings in a particular case, for the purposes of use in that case, are to be regarded as formal judicial admissions rather than ordinary admissions. They are not evidence but a waiver of evidence. In taking advantage of the admission the process is not one of putting the pleading in evidence but one of invoking the language of the opponent's pleadings as rendering certain facts indisputable. In other words the fact admitted is assumed, without the introduction of the pleading or presentation of other evidence to be conclusively established for the purposes of a particular case."

As to some items of funeral expense there was no competent evidence of their reasonableness. See Dallas Ry. & Terminal Co. v. Gossett, Tex., 294 S.W.2d 377; Nunn v. Brillhart, Tex.Civ.App., 230 S.W. 862, affirmed 111 Tex. 588, 242 S.W. 459. Points one and two are sustained.

■ We are of the opinion that error is not shown in admission of the testimony of Miss Nash that her mother had contributed to her support and the amount over the objection that it was hearsay and a violation of Article 3716. It was not hearsay. Said statute does not apply as "far as the suit was for loss of future contributions" to her support. Armstrong v. Marshall, Tex.Civ.App., 146 S.W.2d 250, 251 (D.J.C.); Wallace v. Stevens, 74 Tex. 559, 12 S.W. 283. Judge Walker in his splendid discussion of Article 3716 before the judicial section of the state bar said:

"If a widow and children sue for damages for the death of the husband and father, the statute does not apply because the plaintiffs' cause of action is in their own right under the wrongful death statute and not upon any right inherited from the deceased. But if the

widow and children sue—to recover damages for the conscious pain and suffering of the deceased—the plaintiffs' claim is in their capacity as heirs of the deceased and the statute operates."

The only testimony pointed out in appellant's brief has reference to a cause created by statute and not inherited from deceased.

For the reasons stated the judgment recovered by Mrs. Ridgeway's representatives must be reversed.

We shall now consider the points presented by appellant in connection with the recovery by the administratrices of T. C. Ridgeway's estate.

■ Appellant's seventh point asserts that the evidence is insufficient to support the finding (18) of $10,000 for the "conscious" pain and suffering of Mr. Ridgeway. If there is any evidence that he was conscious of pain and suffering it is by reason of testimony that during the forty-four days he lived after the accident he occasionally moaned and groaned and when a witness spoke to him or moved about the room his eyes followed the witness; that he reacted to the pain stimuli tests and the testimony of Mrs. Hooker, one of his nurses, that she thought that any person moaning and groaning would be feeling pain and, in her opinion, he did feel pain. However, the same witness testified that Mr. Ridgeway was "unconscious or semi-unconscious the entire time" he was in the hospital. Mr. Ridgeway was promptly taken from the scene of the accident to the hospital and, according to the undisputed evidence of the physician who examined him on his arrival at the hospital and treated him, he was then unconscious and remained in that condition until his death forty-four days later. Mr. Ridgeway had a severe head injury, which, among other things, caused him to be blind. When the testimony referred to as furnishing a basis for a surmise that he might have been conscious of pain and suffering is considered in connec-

tion with all of the evidence of the witnesses who so testified and with the entire record it must be held that the evidence is insufficient to support finding (18) of conscious pain and suffering and the award of $10,000 therefor. We recognize that the existence of conscious pain and suffering may be established by circumstantial evidence and that ordinarily such suffering may be inferred or presumed as a consequence of severe injuries; however, we do not think it may be inferred where his doctor and nurses testify that he was always unconscious and their testimony is not disputed. See 13 Tex.Jur. 479; Houston E. & W. T. Ry. Co. v. Simpson, Tex.Civ.App., 81 S.W. 353. Appellant's seventh point is sustained.

■ Judgment was rendered for the representatives of T. C. Ridgeway's estate for $15,615.43. Included therein was $4,425 compensation for the "reasonably necessary expenses" incurred on account of his injuries and death. Appellant's points eight and nine are, in effect, that the court erred in rendering judgment for expenses, "there being insufficient competent evidence to support" said finding and because said issue allowed the jury to speculate and did not confine it to a consideration of compensable items of damage. Appellant admits there was evidence of the reasonableness of the bills paid for the nurses, doctors and local funeral bills amounting to $2,556, except a $6 bill paid to a dentist for extracting three dangling teeth from the unconscious Mr. Ridgeway. We think the evidence and the common knowledge of people support the finding that said charge for the dentist's visit to the hospital and performance of said service under the circumstances was reasonable. Although testimony relative to the bill of the McAllen hospital for $1,087.17 did not include a direct statement that it was reasonable, there was testimony that said charges were the usual and ordinary charges for such services. Under the circumstances, we think this is evidence of the reasonableness of that charge. Sam v. Sullivan, Tex. Civ.App., 189 S.W.2d 69 (Ref.W.M.). Appellant correctly contends that there is no

evidence of the reasonableness of the charges of $177.50 by a funeral home in Washington and $62.25 paid to Mountain View Cemetery and $817.36 for travel expenses for the two administratrices' taxis, meals and telephone calls. Said appellees concede this to be true, except as to the established rates for travel by common carrier. In any event they offer to remit said amounts. If disposition of the case depended upon this alone, we would accept the proposed remittitur.

The court rendered judgment for the estate of Mr. Ridgeway for $1,200 damages to his automobile. We believe appellant's complaint of the admission of evidence of the value of his car went to the weight of the testimony rather than its admissibility and was within the discretion of the court. Appellant's eleventh, twelfth and thirteenth points are overruled.

■ Appellant's fourteenth, fifteenth, sixteenth and seventeenth points complain of the admission in evidence of the complaint, information and judgment in a criminal case growing out of the same transaction. In addition, he complains of the testimony of an officer that he signed the complaint against Canales and that there was a warning sign 300 feet from the intersection. We cannot see how appellant was hurt by the testimony of said officer because he returned to the stand, recanted, admitted he was mistaken and testified that he did not sign the complaint but was with the officer who did and that the warning sign had been placed there after the accident. The other testimony showed a complaint and information which, in substance, charged that Canales unlawfully and negligently failed to yield the right of way, failed to stop at a stop sign, failed to keep a proper lookout and, while so doing, collided with the Ridgeway car and killed Mrs. Ridgeway and, therefore, he was guilty of negligent homicide. The judgment recited that Canales appeared in person, announced ready for trial and pleaded guilty to the charge in said complaint and information. Canales first testified that he did not plead guilty but

later admitted that he did upon advice of his attorney that he should do so because he failed to stop at a stop sign. The negligent acts charged and to which he pleaded guilty were material issues of fact on the trial of this case and they and his plea of guilty were admissible as an admission.

■ Appellant's 18th point is that the court erred in overruling his motion for a mistrial by reason of remarks of counsel for Mr. Ridgeway's estate concerning a requested instruction not to consider a question in connection with who might pay the judgment, thus injecting prejudicial information that appellant was protected by indemnity insurance. The 19th point is, in effect, that the question of insurance was injected into the case by the testimony of appellees' witness that "Blue Cross" paid some of Mr. Ridgeway's medical bills. Of course, it is error to suggest to a jury that an insurance company would pay a judgment against a defendant. It was error to make the statement. We need not determine whether under the circumstances this alone would require a reversal of the judgment because it must be reversed for the reasons stated. The other matters complained of in the 19th point simply show that the bookkeeper for the hospital in testifying relative to its charges and their payment said that "Blue Cross" paid $527.20. We do not think that evidence that the deceased had hospital insurance and that his insurer paid part of his hospital bills was harmful to the appellant.

The 20th point is overruled because the court had a right to find, and presumably did find, that the alleged misconduct did not occur. Appellant's 21st to 27th points, both inclusive, complain of the failure to submit issues inquiring whether Mr. Ridgeway failed to keep a proper lookout, failed to slow his vehicle on approaching the intersection, failed to stop at the intersection, failed to apply his brakes prior to the acci dent and discovered appellant's perilous position, and whether the accident was unavoidable. They are overruled for the reason that they are either undisputed, not

pleaded, are immaterial or the evidence did not raise said issues. See Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, 410 and Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790.

Some of appellant's points are multifarious, deal with various subjects and have either no, or inadequate, reference to the record and contain meager, if any citations of authority, and are so intermingled with other matters that they are difficult to understand. Those not mentioned do not manifest reversible error, but, for the reasons stated, the judgment must be reversed and the causes remanded. See 3-B Tex.Jur. 133–147.

The judgments are reversed and the causes remanded.