## (December 10, 1963)

■ MICHAEL BRUCK, as Administrator of the Estate of ARAM J. BRUCK, an Infant, Deceased, et al., Respondents, v. MEATTO TRUCKING CORP. et al., Appellants. — Order and judgment in favor of plaintiffs against defendants for $20,750 plus interest in the action for wrongful death and for $6,000 plus interest in the action for pain and suffering, and costs, unanimously modified on the law

and the facts by striking therefrom the award for pain and suffering and dismissing the cause of action therefor, and as modified affirmed, without costs of this appeal. There was no substantial error in rulings upon the trial. In view of the father's poor physical condition and the evidence of the industry and demonstrated willingness of the 13 and a half-year-old decedent to help his father, and the decedent's apparent superior intelligence and artistic ability (see *Grayson* v. *Irvmar Realty Corp.*, 7 A D 2d 436), we cannot say that the award for wrongful death was excessive. The evidence shows, however, that the decedent was rendered unconscious by the accident and died less than one hour thereafter without regaining consciousness. By section 120 of the Decedent Estate Law a cause of action exists for the injuries sustained by a decedent in his lifetime. (*Kwiatkowski* v. *John Lowry, Inc.*, 276 N. Y. 126, 130; *Matter of Schwabacher* v. *International Salt Co.*, 272 App. Div. 173, 175.) This cause of action has been assumed by the courts to be one for *conscious* pain and suffering (see *Lates* v. *Health Ins. Plan of Greater N. Y.*, 19 A D 2d 629, affd. 13 N Y 2d 920; *Matter of Meachem* v. *New York Cent. R. R. Co.*, 7 A D 2d 253; *New Orleans & N. E. R. R. Co.* v. *Harris*, 247 U. S. 367, 372; *Dermody* v. *Utley*, 328 Mass. 209); and recovery has been " confined to his [decedent's] personal loss and suffering before he died " (*Holmes* v. *City of New York*, 269 App. Div. 95, 98, affd. 295 N. Y. 615). Thus recovery for suffering during the period of unconsciousness has not been permitted. (*Norton* v. *Phillips Petroleum Co.*, 262 App. Div. 881, app. den. 286 N. Y. 721; *Fries* v. *Chicago, R. I. & Pac. Ry. Co.*, 159 Minn. 328; *Vanderlippe* v. *Midwest Studios*, 137 Neb. 289, 306.) Since decedent in this case did not regain consciousness, no recovery for pain and suffering may be allowed. (*Matter of Payne*, 12 A D 2d 940; *Stone* v. *Sinclair Refining Co.*, 229 Mich. 103; *New Orleans & N. E. R. R. Co.* v. *Harris*, 247 U. S. 367, 372, *supra*.) The case of *Kinner* v. *Kuroczka* (12 A D 2d 383) is distinguishable upon the facts. Concur — Botein, P. J., Breitel, Eager, Steuer and Witmer, JJ.