**Charles M. CARLISLE, Appellant,**

v.

**Walter M. DUNCAN et ux., Appellees.**

**No. 17520.**

Court of Civil Appeals of Texas, Dallas.

Nov. 27, 1970.

Ralph Elliott, Elliott & Nall, Sherman, for appellant.

John D. Hill, Brown, Kennedy, Hill & Minshew, Sherman, for appellees.

CLAUDE WILLIAMS, Justice.

Shortly after twelve o'clock A.M. on June 25, 1968 Morris Wayne Duncan was driving his automobile in an easterly direction on U.S. Highway 82 near the City of Bells, Grayson County, Texas. At the same time and place Charles M. Carlisle was driving his automobile in a westerly direction. The two automobiles collided and Duncan was killed. This action was instituted by Walter M. Duncan and wife Ruby C. Duncan, the father and mother of Morris Wayne Duncan, and his sole heirs at law, seeking to recover monetary contributions which they would have reasonably anticipated to have received from their son had he not been killed. They also sought to recover reasonable funeral expenses. Also included in the action was a plea (based upon Art. 4671, *et seq.* and Art. 5525, *et seq.*, Vernon's Ann.Civ.St. of Texas) for the recovery of $10,000 as damages for pain and suffering sustained by Duncan prior to his death.

The case was tried to the court and a jury. All special issues relating to liability were found against Carlisle. In answer to Special Issue No. 21 the jury found that $2,500 would reasonably compensate the father and mother for the pecuniary damage sustained by them as a result of the death of their son. The jury found the reasonable cost of the funeral to be $1,325. In answer to Special Issue No. 22 the jury found that the sum of $10,000 would have fairly and reasonably compensated Morris Wayne Duncan for the injuries sustained by him as a result of the collision. Judgment was rendered in favor of appellees against appellant in a total sum of $13,825. We reverse and remand.

In connection with the submission of Special Issue No. 21 in which the court asked the jury to find the amount of money which would reasonably compensate the father and the mother for the pecuniary damage sustained by them by the death of their son, the court defined pecuniary damage and instructed the jury:

"In determining the damages, if any, sustained by Plaintiffs by reason of the death of the said MORRIS WAYNE DUNCAN, you cannot take into consideration the mental suffering, grief or bereavement incident to the death of said MORRIS WAYNE DUNCAN on the part of the Plaintiffs."

■ Appellant duly and timely excepted to this instruction upon the grounds that same failed to incorporate therein the affirmative instruction that the jury must not, in assessing these damages, consider the elements of association and companionship of the decedent. The court overruled appellant's objection. Our Supreme Court in Robinson Sons, Inc. v. Wigart, 431 S. W.2d 327 (Tex.1968), held that in a similar case the jury should have been affirmatively instructed that no recovery may be allowed for loss of society, affection and companionship and that the exclusion of these *improper* elements of damages tended to aggravate rather than alleviate the tendency of the instruction to mislead the jury into including nonrecoverable items. The failure of the trial court in this case to comply with appellant's complaint constitutes reversible error.

Also in connection with the submission of Special Issue No. 21 the court defined pecuniary damage as follows:

"In answering the foregoing question, you are instructed that 'pecuniary damage' means the value in dollars and cents, of money, property, or services that the Plaintiffs had a reasonable expectation of receiving from said MORRIS WAYNE DUNCAN, if any, they would, had he not died."

■ Appellant duly and timely leveled objections to this definition and specifically pointed out that same did not constitute the true test of pecuniary damages in a case of this kind since the court should have directed the jury's attention to what

the deceased would in reasonable probability have contributed rather than the expectation on the part of the parents. We think that appellant's complaint was valid and should have been sustained. We agree with appellant that the instruction given by the trial court focuses attention on the parents' needs and expectations rather than on the deceased's ability and willingness to provide for said needs. The deceased was an adult and under no legal duty or obligation to contribute to the support of his father and mother. As the Supreme Court of Texas said in the case of Francis v. Atchison, T. & S. F. Ry. Co., 113 Tex. 202, 253 S.W. 819 (1923): "Plaintiff in error then has the right to recover of defendants in error for the wrongful death of his son the present value of such an amount only as he may be able to show the son would probably have contributed to his parents' support had he lived." See also Dixie Motor Coach Corporation v. Shivers et al., 131 S.W.2d 677 (Tex.Civ.App., Fort Worth 1939); Dixon v. Samartino, 163 S.W.2d 739 (Tex.Civ.App., Galveston 1942, writ ref'd w. o. m.); and Peek v. Parker, 210 S.W.2d 619 (Tex.Civ.App., Fort Worth 1948).

In four points of error appellant directs a vigorous attack against the answer of the jury to Special Issue No. 22 wherein it was found that the sum of $10,000 would compensate the deceased Morris Wayne Duncan for the injuries sustained by him prior to his death. In connection with this issue the court instructed the jury that they could only consider the conscious physical pain and mental anguish, if any, which they believed from the preponderance of the evidence Morris Wayne Duncan suffered from the time of the occurrence in question to the time of his death as a proximate result of the collision. Appellant urges that there is no evidence in the record that the deceased suffered any conscious pain prior to his death or that the finding of the jury in this connection is not supported by sufficient evidence.

The record reveals that the two vehicles collided suddenly and violently in the middle of the night and that no one witnessed the accident. The physical facts reveal that Carlisle's car struck Duncan's car and drove it off of the pavement into an embankment on the side of the highway. The witness Alverson, who lived across the road and who came to the scene after phoning for an ambulance, described the two cars as being "nailed together." Carlisle was knocked unconscious for a moment but, upon regaining partial consciousness, he staggered out of his car and went over to the other vehicle where he said he heard a "groan". He then lost consciousness again and does not remember anything else. Alverson heard the crash and immediately telephoned an ambulance which was located only one mile away. The ambulance arrived almost immediately and the driver thereof testified that when Duncan's body was removed from its vehicle Duncan had no pulse and it was concluded the man was dead.

The burden was upon appellees to establish by a preponderance of the evidence that the deceased Duncan actually suffered some conscious pain as a result of the collision and prior to his death. Canales v. Bank of California, 316 S.W.2d 314 (Tex.Civ.App., Eastland 1958, writ ref'd n. r. e.). Appellant argues that the mere testimony of ·a "groan" coming from the Duncan automobile was entirely lacking in probative value so that it cannot establish the fact of conscious suffering. We agree with appellant. While there seems to be no Texas cases directly dealing with the question of whether moans and groans are sufficient to prove conscious suffering, decisions of the courts of our sister state, Massachusetts, definitely hold that such testimony is lacking in probative value to create an issue for a jury. Ghiz v. Wantman, 337 Mass. 415, 149 N.E.2d 595 (1958) and Carr v. Little, 348 Mass. 469, 204 N.E.2d 466 (1964). Appellees concede this point but argue that the jury

might consider circumstantial evidence in arriving at their answer to the issue submitted. We are aware of the rule that the existence of conscious pain and suffering may be established by circumstantial evidence and that such suffering may be inferred or presumed as a consequence of severe injuries as illustrated in drowning cases such as City of Austin v. Selter, 415 S.W.2d 489 (Tex.Civ.App., Austin 1967) and Mitchell v. Akers, 401 S.W.2d 907 (Tex.Civ.App., Dallas 1966), and also in cases of death due to burning such as Sharpe v. Munoz, 256 S.W.2d 890 (Tex. Civ.App., San Antonio 1953). We think there is a clear distinction in this case from the facts in those cases. When all of the facts and circumstances revealed by this record have been carefully analyzed, especially in the light of the testimony of the witnesses who appeared on the scene almost immediately after the crash, it must be held that the evidence is insufficient to support the finding of $10,000 for conscious pain and suffering on the part of Duncan prior to his death.

We also agree with appellant that the jury's award of the sum of $2,500 for future contributions by the adult son to his father and mother is excessive in the light of the evidence produced. However, since the case must be reversed and remanded for a new trial we need not burden this opinion with a further recitation of the record relating to this point.

Appellant's final point relates to proof of elements of cost of funeral. Appellant contends that the proof of the cost of the burial plot was not properly made. We overrule appellant's contention. There was adequate evidence to establish the reasonable charge for such cemetery plot.

The judgment of the trial court is reversed and the cause remanded.