Anna B. SWANN et vir., Plaintiffs-Appellants,

v.

**HUTTIG SASH & DOOR COMPANY,**
Defendant-Appellee.

No. 28954.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1970.

Rehearing Denied and Rehearing En
Banc Denied Dec. 21, 1970.

C. Coit Mock, Fort Worth, Tex., for plaintiffs-appellants.

Royal H. Brin, Jr., John H. Marks, Jr., Dallas, Tex., for defendant-appellee; Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex., of counsel.

Before COLEMAN, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This case was placed on the Summary Calendar pursuant to our Rule 18 and, on June 2, 1970, in a per curiam opinion of a panel composed of Chief Judge Brown and Judges Morgan and Ingraham, was ordered affirmed in part and reversed and remanded in part. On appellee's petition for rehearing the panel withdrew its opinion and judgment, ordered the case calendared for oral argument and directed supplemental briefs be filed on several issues.

Having considered all briefs and the oral arguments, we conclude that the opinion of the original panel was correct. It is published as an appendix hereto.

Affirmed in part; reversed and remanded in part.

COLEMAN, Circuit Judge, dissents.

APPENDIX

Before JOHN R. BROWN, Chief Judge, MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is a diversity case arising out of a rear-end automobile collision which occurred on an expressway approach ramp in Dallas, Texas. The collision occurred shortly after noon on dry pavement with no impediments to the vision of either driver. A vehicle operated by Burris, acting in the scope of his employment with Defendant-Appellee, Huttig Sash and Door Co., ran into the rear of the vehicle operated by Plaintiff-Appellant, Mrs. Swann.

■ The case was submitted to the jury on a general charge explaining the elements of liability and the defenses of denial of negligence, contributory negligence, sudden emergency, and unavoidable accident. The jury returned the enigma wrapped in a mystery, a general verdict, for Defendant.[1] The judgment based on this verdict must be reversed and the case remanded.[1A]

Plaintiffs contend here that the Court erred in its instructions on the doctrines of sudden emergency and unavoidable accident and in excluding certain evidence.

I. Sudden Emergency

■ The issues presented to this Court that were also presented to the Trial Court in Plaintiffs' objections are: (1) the charge gave no indication of (a) when the emergency occurred or (b) what acts the Defendant sought to have excused, and (2) the charge placed a double burden on Appellants because to rebut the sudden emergency contention they had to reprove liability.[2]

■■ There is no question that only acts committed after the emergency

---

1. See Brown, Federal Special Verdicts: The Doubt Eliminator, in Proceedings of the Annual Judicial Conference, Tenth Judicial Circuit of the United States, 44 F.R.D. 245 at 338 (1967); Horne v. Georgia S & F Ry., 5 Cir., 1970. 421 F.2d 975 (Brown concurring).

1A. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804,

Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

2. Appellants also raise several other reasons why the charge as to sudden emergency was erroneous. The most cogent concerns the element of the doctrine requiring Defendant to alter his conduct when faced with the crisis. On appeal, Plaintiff avers that Defendant showed no evidence on the issue. But since these objections were not called to the attention of the Trial Judge before the jury retired, we cannot consider them. F.R.Civ. P. 51.

arose can be exculpated, and the objections in essence are that this idea was not clearly stated to the jury. The Texas law on the point was best expressed in the case of Goolsbee v. Texas & N. O. Ry. Co., 150 Tex. 528, 243 S.W.2d 386 (1951). There the Texas Supreme Court defined sudden emergency as:

> "[A] condition arising suddenly and unexpectedly and not proximately caused by any negligent act or omission of the person in question and which calls for immediate action on his part and without time for deliberation."

Id. at 532, 243 S.W.2d at 388.[3]

It is not enough that the Defendant finds himself in a situation in which he must commit an act that under normal conditions would constitute negligence. The Defendant must be blameless in the creation of the peril. The jury could find here that Defendant was following too closely to stop in the event Plaintiff braked suddenly. And if the jury were to find against the Defendant on this issue, it could not excuse Defendant on grounds of sudden emergency.

■■ Thus it is essential that the time sequence be set out for the jury. The question is whether the Judge did this. The Court charged:

> "You are instructed that when a person finds himself confronted with a sudden emergency, which was not brought about by his own negligence or want of care, such person has the legal right to do what appears to him at the time he should do, so long as he acts in a reasonably prudent manner as any other person would have done under like or similar circumstances, to avoid any injury, and if he does so act, he will not be deemed to have been negligent even though it might afterwards be apparent that some other course of action would have been safer.
>
> If you find from a preponderance of the evidence that Burris was confront-

ed with an emergency which was not brought about by his own negligence and thereafter he acted in a reasonably prudent manner as any other person would have done under like or similar circumstances, your verdict should be in favor of Defendant Huttig on Plaintiffs' cause of action."

The Court did refer to the two time phases when it charged that the emergency could not be "brought about by his own (Defendant's) negligence" and that "he must *thereafter* [act] in a reasonably prudent manner." (Emphasis added). But the charge is defective because it uses the word "emergency" ambiguously. The emergency here could mean (i) the sudden stopping of Plaintiffs' car or (ii) the sudden stopping of Plaintiffs' car while Defendant was tailgating. Obviously (i) does not involve negligence of the Defendant while (ii) just as obviously does. Thus the jury reasonably construing the charge to be (i) could have found exculpation by emergency because this situation did not involve Defendant's negligence. Since the charge did not clearly indicate the time duality, it is erroneous. In so concluding we may assume, without deciding, that the instruction as given conformed to the Texas boiler plate. But this alone may not be enough since the instructions of a Federal Trial Judge must adequately, relate the legal principles to the facts and theories of the respective parties. See, e. g., Jackson v. King, 5 Cir., 1955, 223 F.2d 714, 716, 718.

## II. Unavoidable Accident

Plaintiff objected to the Court's charge on the ground that a charge on unavoidable accident places a double burden on Plaintiff. This contention (among others which were not brought to the attention of the Trial Court as an objection to the charge and therefore cannot be considered by us, F.R.Civ.P. 51) is again raised on appeal. Appellants' argument is essentially that a jury can never be instructed on unavoidable ac-

---

3. See also Copeland v. Greyhound Corp., 5 Cir., 1964, 337 F.2d 822, 826.

cident. This is, of course, not the law and we reject the argument.

### III. Excluded Evidence

■ Appellants' third argument is that the Trial Court should not have excluded an inculpatory statement made by Defendant's employee immediately after the accident. Testimony taken outside the hearing of the jury showed that one witness would testify that she overheard Burris tell Mrs. Swann "It's all my fault. It's all my fault. I didn't see you at all." Defendant's motion to exclude this evidence was correctly granted. Under Texas law this statement of an employee is not admissible against his employer. In Issacs v. Plains Transport Co., 1963, Tex., 367 S.W.2d 152, the Texas Supreme Court dealt with the same situation we have before us.

> "We also hold that testimony of the plaintiffs that the driver of the truck stated that he was at fault and that if he had been three feet further back he could have missed the plaintiffs' automobile was not admissible. These statements of the driver were pure conclusions and opinions, were not offered for impeachment, and were not admissible against the employer even though made immediately after the collision. Gulf C. & S. F. Ry. Co. v. Montgomery, 85 Tex. 64, 19 S.W. 1015; Red Arrow Freight Lines, Inc. v. Gravis, Tex.Civ.App., 84 S.W.2d 540, no writ history."

367 S.W.2d 153.

■ Appellants also take issue with the Trial Court's excluding, by sustaining Defendant's motion in limine, evidence that Burris received a ticket after the accident and paid a fine. This was likewise correctly excluded under Texas law.

> "This Court has held that evidence that one or another party to an automobile collision was given a ticket by a peace officer charging the commission of a penal offense is not admissible in a civil suit growing out of the same incident. Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277. And while proper proof of a plea of guilty to the offense may be admissible in a suit against the person so charged, as an admission, Fisher v. Leach, Tex.Civ.App., 221 S.W.2d 384, 389, writ refused, no reversible error; Johnson v. Woods, Tex.Civ. App., 315 S.W.2d 75, 77, writ refused, no reversible error; Canales v. Bank of California, Tex.Civ.App., 316 S.W. 2d 314, 320, writ refused, no reversible error, we know of no sound basis for holding that it necessarily follows that it is admissible against his employer. Here, the driver of the truck was no longer an employee of Plains Transport when he paid the fine. There is no evidence that Plains Transport either authorized or ratified a plea of guilty or the payment. Inasmuch as Plains Transport is the only defendant in the case, the testimony was not admissible for any purpose."

*Id.*

Affirmed in part; reversed and remanded in part.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

**PER CURIAM:**

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.