■ LOUIS M. EHRLICH, Appellant, v. C. B. S. COLUMBIA, INC., et al., Respondents. LANDES HEATING Co., INC., Third-Party Plaintiff, v. EASTERN STATES ELECTRICAL CONTRACTING COMPANY, Third-Party Defendant.— In an action by an employee of Eastern States Electrical Contracting Company a subcontractor on a building being altered and remodeled, against C. B. S. Columbia, Inc., the owner of the building and the general contractor, and Landes Heating Co., Inc., another subcontractor, C. B. S. Columbia served a cross complaint on Landes for judgment over and Landes served a third-party complaint on Eastern States for judgment over. The court dismissed the complaint, the cross complaint and the third-party complaint. The appeal, as limited by appellant's brief, is from so much of the judgment entered thereon as dismissed the complaint against respondent C. B. S. Columbia. Appellant was injured when he fell inside the building from a scaffold furnished by respondent Landes. Appellant bases his appeal on the fact that C. B. S. Columbia had actual knowledge that the portable scaffolds being used on the job for which it was the general contractor, and over which it had general power of supervision, were illegally constructed and were in violation of the Industrial Code (N. Y. Off. Comp. of Codes, Rules & Regulations [7th Supp.], pp. 404–405), inasmuch as the scaffolds had no guardrails affixed, and that C. B. S. Columbia did nothing to forbid or prevent the use of such scaffolds. Judgment insofar as appealed from affirmed, with costs to respondent C. B. S. Columbia, Inc. (*Gambella* v. *Johnson & Sons*, 285 App. Div. 580; *Komar* v. *Dun & Bradstreet Co.*, 284 App. Div. 538; cf. *Bobbey* v. *Turner Constr. Corp.*, 308 N. Y. 890.) Wenzel, Acting P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, J., dissents and votes to reverse the judgment insofar as appealed from and to direct judgment in favor of appellant for $15,000, the amount stipulated as appellant's damages, with the following memorandum: C. B. S. Columbia was the general contractor. Appellant was an employee of a subcontractor. C. B. S. Columbia did not furnish the scaffold which appellant was using at the time of the accident, but C. B. S. Columbia's foreman (who had general

supervision of the job) knew that none of the scaffolds used on the job had the guardrails required by the Rules of the Board of Standards and Appeals. Section 241 of the Labor Law provides that both owners and contractors must comply with the Rules of the Board of Standards and Appeals. We are not required to determine whether C. B. S. Columbia was obligated to furnish a scaffold, which was the question presented in *Komar* v. *Dun & Bradstreet Co.* (284 App. Div. 538). The question here is whether a general contractor, who has *actual* knowledge (as distinguished from imputed knowledge) that a defective scaffold is being used, is guilty of a violation of the rules. In my opinion, the express language of the statute imposes an obligation on this respondent, the violation of which gives an injured person a cause of action. (See *Bobbey* v. *Turner Constr. Corp.*, 308 N. Y. 890.) [16 Misc 2d 793.]