Jasen, J.
We are asked on these cross appeals to determine the liability of a general contractor for injuries sustained by an employee of a subcontractor as the result of a fall from a scaffold which the general contractor undertook to have furnished and which violated, the standards set forth in section 240 of the Labor Law. Also at issue is the liability to the injured party of the subcontractor who constructed the scaffold.
The relevant facts are not in dispute. Associated Church Arts (Associated) was the general contractor engaged to repair, paint and decorate a church in Brooklyn. Plaintiff was an employee of Hans Schmidt, one of several subcontractors retained to do the work on the church. Associated contracted with Charles Schad, Inc. (Schad) to “ furnish, erect and remove wood scaffolding on the inside of St. Joseph’s Church * * * so that the main ceiling and the side walls can be decorated from same ’ ’.
The scaffolding supplied by Schad consisted in the main of parallel planks resting on cross pieces. It had been in use for *184 approximately four weeks. At the trial, Associated stipulated that “ the defendant Associated Church Arts made a contract with Schad under which Schad erected and maintained scaffolding in that church for the use of the painters and all the trades working for four various subcontractors ”.
On November 20, 1959, plaintiff was walking on a scaffold approximately 21 feet above the ground when suddenly a board tilted, throwing him off balance, resulting in his fall to the floor below. There was no guardrail on the scaffold.
Plaintiff brought this action against Associated and Schad on theories of common-law negligence and violation of section 240 of the Labor Law. A cross claim by Associated against Schad is not before this court.
At a trial on the issue of liability only, the court charged the jury with common-law negligence and submitted the following four interrogatories to them:
1. “ Was the defendant Charles Schad, Incorporated guilty of negligence ? ’ ’
2. “Was the defendant Associated Church Arts guilty of negligence ? ’ ’
3. ‘ ‘ Was the failure to have the safety rails on the scaffold the cause of plaintiff’s fall?”
4. “Was the plaintiff guilty of contributory negligence?” The jury returned a general verdict against both defendants and answered questions 1, 2 and 3 in the affirmative, and question number 4 in the negative.
In a subsequent written opinion (49 Misc 2d 1059), the Trial Judge found Associated liable on a theory of common-law negligence. Based on the affirmative answer to question number 3, the Judge also found that Associated violated section 240 of the Labor Law as a matter of law. The Judge likewise found Schad liable on common-law principles. In a later published opinion (50 Misc 2d 418), the Judge reversed himself as to Schad’s liability, holding that a supplier is not liable for a patently dangerous appliance.
In this court Associated argues that the trial court’s failure to present the question of Associated’s violation of the Labor Law to the jury deprived it of its constitutional right to trial by jury. It also urges that, since there was no proof that it had ever supervised the work, exercised any control over the scaf *185 fold, directed the plaintiff or his employer in their work, had notice of any defect in the scaffold or knowingly hired an incompetent scaffold builder, it cannot be held liable to an employee of a subcontractor where it delegated the entire furnishing, erecting and removal of the scaffolding to an independent contractor.
The answer to Associated’s first contention depends on whether the evidence in this case measures up to the standards required for a directed verdict. (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241.) Here, the evidence, coupled with the jury’s special verdict that the lack of safety rails was the cause of plaintiff’s fall, was sufficient to predicate liability on Associated as a matter of law by reason of its violation of section 240 of the Labor Law.
As to Associated’s second argument, ordinarily a general contractor is not responsible for scaffolding used by an employee of a subcontractor absent any direction to such employee or control over the details of the work. (Wright v. Belt Assoc., 14 N Y 2d 129; Broderick v. Cauldwell-Wingate Co., 301 N. Y. 182.) However, where the general contractor undertakes to furnish the scaffolds necessary for performance of the work, he is bound to comply with the statute. (Quigley v. Thatcher, 207 N. Y. 66; Galbraith v. Pike & Son, 18 A D 2d 39 [4th Dept., 1963].)
The fact that Associated contracted to have Schad build scaffolding for use of the various subcontractors irresistibly leads to the conclusion that Associated had undertaken the responsibility of furnishing the scaffolds to be used in the work and, thereby, impliedly required the workmen to use them. This conclusion, coupled with the uncontroverted facts that the scaffolding lacked a safety rail and was more than 20 feet from the floor and the jury’s special verdict as to causation, mandates a finding of violation of section 240 of the Labor Law.
It follows that, when a general contractor undertakes to furnish scaffolding for the use of employees of its subcontractors, it cannot avoid its statutory duty by the simple expedient of delegating this obligation to another subcontractor. The statute was intended to afford protection for workmen and should be liberally construed in order to achieve that end. *186 (Koenig v. Patrick Constr. Corp., 298 N. Y. 313; Quigley v. Thatcher, supra.)
As to plaintiff’s claim against Schad, a different situation is presented. It cannot be said as a matter of law that Schad incurred any liability under the provisions of section 240 of the Labor Law. The statute provides in pertinent part:
‘ ‘ 1. A person employing or directing another to perform labor of any kind in the erection, demolition, repairing, altering, painting, cleaning or pointing of a builidng or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed.
“2. Scaffolding or staging more than twenty feet from the ground or floor * * * shall have a safety rail of suitable material properly attached, bolted, braced or otherwise secured, rising at least thirty-four inches above the floor or main portions of such scaffolding or staging and extending along the entire length of the outside and the ends thereof”.
There is no evidence that Schad employed or directed the plaintiff in the work he performed at the site of the accident. The record indicates that Schad did nothing more than furnish the scaffolding pursuant to its contract with Associated. Since the duty imposed by the statute is nondelegable, an independent contractor, who neither employed nor directed another to perform labor, cannot, without more, be subject to the same duty. (Cf. De Leon v. Corbetta Constr. Co., 6 A D 2d 831, affd. 5 N Y 2d 1011; Olsommer v. Walker & Sons, 4 A D 2d 424, affd. 4 N Y 2d 793.)
The remaining question is whether the trial court was correct in setting aside the jury verdict, based on common-law negligence, against Schad and entering judgment in its favor. We conclude that it was. Liability should not rest upon a theory that a supplier of a chattel owes a duty, extending to all foreseeable users, of reasonable care in furnishing safe chattels (La Rocca v. Farrington, 301 N. Y. 247) where the alleged defect is patent. (Campo v. Scofield, 301 N. Y. 468; Inman v. Binghamton Housing Auth., 3 N Y 2d 137.) In Inman (supra) we distinguished cases in which there was a latent fault or hidden danger in either design or construction from those situ *187 ations where the danger is obvious. There, it was concluded that the doctrine of liability as enunciated in MacPherson v. Buick Motor Co. (217 N. Y. 382) would not extend to a situation involving patent defects.
The order and judgment appealed from should be affirmed, with costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Breitel concur.
Order and judgment affirmed.