■ KAREN BUCEK, by WALTER BUCEK, Her Guardian ad Litem, Apellant, v. HARRY MERRITT, Respondent. DONNA BUCEK, by WALTER BUCEK, Her Guardian ad Litem, Appellant, v. HARRY MERRITT, Respondent. JOANNE BUCEK, by WALTER BUCEK, Her Guardian ad Litem, Appellant, v. HARRY MERRITT, Respondent. WALTER BUCEK, Appellant, v. HARRY MERRITT, Respondent.— Judgment and order insofar as appealed from affirmed without costs, Goldman, P. J., not participating. Memorandum: The infant plaintiffs were injured while riding in an unlicensed and unregistered automobile owned and driven by defendant Joan Neff. Prior to the accident, the vehicle was stored on defendant Harry Merritt's property; he knew it had defective brakes; he put brake fluid in it knowing that to be a temporary measure, and he did not warn the plaintiffs that the car was dangerous although he was aware they were going to ride in it. Plaintiffs appeal from the direction of the verdict in favor of defendant Merritt. The court may direct a verdict where there is a legal insufficiency of evidence to sustain a contrary verdict. The test is whether by any rational process the trier of the facts could base a finding in favor of the party moved against. (*Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241; *Greenberg* v. *Bar Steel Constr. Corp.*, 37 A D 2d 162; *Wessel* v. *Korp*, 30 A D 2d 764.) The trial court was correct in directing a verdict in favor of defendant Harry Merritt, since there is no basis in the evidence for a finding of negligence on his part. Although an owner of land may be liable for injuries caused by a dangerous instrumentality on his land (*Kingsland* v. *Erie County Agric. Soc.*, 298 N. Y. 409), an automobile is not an inherently dangerous instrumentality even though it can become dangerous because of its condition (*Lee* v. *Van Buren & N. Y. Bill Posting Co.*, 190 App. Div. 742) or because of surrounding circumstances. (*Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567, affd. 260

N. Y. 604.) There was nothing dangerous about the vehicle as long as it remained parked in defendant Harry Merritt's yard. It only became dangerous if driven. Joan Neff's action in driving the car owned by her was the proximate cause of the accident, and there is no causal relation between the car being on Harry Merritt's land and the subsequent accident. Nor is defendant liable on the theory that by placing brake fluid in the car he created a trap. He attempted no repairs and made no representation that the brakes were repaired or that they were safe. (Cf. *Mayer* v. *Temple Props.*, 307 N. Y. 559.) All concur, except Cardamone, J., who dissents and votes to reverse and deny the motion, in the following memorandum: At the close of the plaintiffs' case, the trial court dismissed their complaint against the defendant Merritt on the ground that he was not guilty of any negligence as a matter of law. Viewing the evidence, as we must, in a light most favorable to the plaintiffs there is evidence from which a jury could find that defendant Merritt while operating the car on the night before the accident concluded that there was a malfunction in the brakes and that the master cylinder had "gone". He knew that this was dangerous and thereupon undertook to add brake fluid so that the brakes would work temporarily. Although defendant Merritt knew of the impending use of the car and had an opportunity to speak, he did not warn the children of the dangerous condition regarding the brakes. The evidence reveals that defendant Merritt was sufficiently concerned to follow the car on its trip to the trailer and to tell his daughter not to drive it back. However, he again neglected to warn the infant children of this same danger. Thus, the defendant knowingly acted so that a dangerous automobile was driven on the highway for a temporary but uncertain period of time. Having done this, the defendant owed a duty, if not to all users of the highway, then at least to the foreseeable users and occupants of the automobile (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339) and, particularly to these infant plaintiffs whom defendant knew were to be riding as passengers in it (see *Garrow* v. *State of New York*, 268 App. Div. 534, affd. 294 N. Y. 741). "It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all" (*Glanzer* v. *Shepard*, 233 N. Y. 236, 239; *Marks* v. *Nambil Realty*, 245 N. Y. 256, 258; see, also, 41 N. Y. Jur., Negligence, § 14). The duty thus imposed is one of reasonable care (41 N. Y. Jur., Negligence, § 22). Clearly, the question of whether the defendant Merritt discharged this duty of reasonable care, after he voluntarily assumed to act, presents a factual issue to be submitted to a jury. Accordingly, the trial court's dismissal at the close of the plaintiffs' case as against defendant Merritt should be reversed and a new trial ordered. (Appeals from parts of judgment and order of Herkimer Trial Term dismissing complaint in automobile negligence action.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Cardamone, JJ.