KATHERINE MUELLER, as Administratrix of the Estate of BRUNO FRANK, Deceased, Respondent-Appellant, v. GREENPOINT SAVINGS BANK,

Respondent, and KROO ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant. STANDARD WATERPROOFING CORPORATION, Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, (1) the defendant and third-party plaintiff, Kroo Associates, Inc., appeals from a judgment of the Supreme Court, Kings County, entered May 12, 1971, (a) in favor of plaintiff against it, upon jury verdicts, and (b) dismissing the complaint as against defendant Greenpoint Savings Bank and dismissing the third-party complaint, upon the trial court's decisions; and (2) plaintiff appeals from so much of the judgment as dismissed the complaint as against defendant Greenpoint Savings Bank. Judgment modified, on the law and the facts, by striking therefrom the first decretal paragraph, which is in favor of plaintiff against defendant Kroo Associates, Inc., and by dismissing the complaint as against said defendant. As so modified, judgment affirmed, without costs. Plaintiff's intestate, Bruno Frank, brought this action against defendants Greenpoint and Kroo, asserting causes based on common-law negligence and violations of section 240 of the Labor Law. Pursuant to a contract entered into between defendants Kroo and Greenpoint dated February 23, 1965, Kroo, as the general contractor, agreed to do steam cleaning, pointing, painting and caulking work on Greenpoint's bank building on Manhattan Avenue and proposed to furnish "all labor, materials, tools, equipt." to do the work. Kroo subcontracted all the steamcleaning and pointing work to the third-party defendant, Standard. Pursuant to the subcontract, Standard was to furnish "all labor, materials, tools, equipment," required for the job. Frank was an employee of. Standard at the time of the accident, which occurred while he was steamcleaning the building. There is evidence in the record to indicate that a supporting rope of the scaffold upon which he was working broke, causing Frank to fall to the ground and sustain his injuries. At the end of the entire case, the trial court *inter alia* submitted to the jury the issue of Kroo's liability under the theory of a failure to comply with subdivision 1 of section 240 of the Labor Law and advised the parties that it would not submit to the jury the common-law negligence cause. Moreover, the court charged the jury that, as a matter of law, it was Kroo's primary duty and obligation to supply the scaffolds to the subcontractor's employees, solely by virtue of Kroo's contract with the owner of the building, Greenpoint, to supply all the necessary equipment and that this responsibility continued regardless of how and by whom the scaffolding was furnished. In our opinion, plaintiff's cause against Kroo based on a violation of section 240 of the Labor Law should have been dismissed upon the motion of Kroo, made at the conclusion of plaintiff's case and renewed again at the conclusion of the entire case. Moreover, the court's charge, as heretofore set forth, was in error. Subdivision 1 of section 240 of the Labor Law, as it read at the time of the accident, imposed liability on a general contractor who directed a workman employed by another and undertook to furnish and erect, or caused to be furnished or erected, a scaffold for the performance of the work, in the event the workman suffered injury from a defective condition of the scaffold (*Sarnoff* v. *Charles Schad, Inc.*, 22 N Y 2d 180, 185; *Galbraith* v. *Pike & Son*, 18 A D 2d 39). There is no competent credible proof in this record of any such undertaking or direction by Kroo. Moreover, an undertaking by a general contractor to furnish the equipment and tools to be used in the work by the subcontractor's employees, thereby impliedly requiring the workmen to use them (*Sarnoff* v. *Charles Schad, Inc., supra; Quigley* v. *Thatcher,* 207 N. Y. 66), cannot be derived solely by virtue of the contract between Kroo and the owner of the building herein, Greenpoint Savings Bank (cf. *Sarnoff* v. *Charles Schad, Inc., supra*). Martuscello, Acting P. J., Latham,

Christ and Brennan, JJ., concur; Benjamin, J., concurs in the affirmance as to defendant Greenpoint Savings Bank and the third-party defendant, but otherwise dissents and votes to affirm the judgment *in toto*, with the following memorandum: The agreement between the Greenpoint Savings Bank (the owner of the building) and Kroo Associates, Inc. (the general contractor) obligated Kroo to furnish all tools and equipment, including the scaffolds. There is enough proof in the record to support a reasonable inference that Kroo did, in fact, furnish and erect the defective scaffold involved in this accident. Hence, it was properly found liable under subdivision 1 of section 240 of the Labor Law (*Sarnoff* v. *Charles Schad, Inc.*, 22 N Y 2d 180). Nor would a different result be required if it were Standard Waterproofing Corporation (Kroo's subcontractor) who actually furnished the defective scaffold pursuant to its agreement with Kroo, since a general contractor obligated to furnish scaffolds may not free itself of liability under section 240 by the mere device of having someone else erect and furnish them on its behalf (*Sarnoff* v. *Charles Schad, Inc., supra*).