■ GENOVESE DRUG STORES, INC., Appellants, v L. A. WENGER CONTRACTING Co., INC., Respondent, et al., Defendant. (Action No. 1.) (And Captions in a Third-Party Action and in Action No. 2.)—In consolidated negligence actions to recover for property damage allegedly due to negligent pipe installation, Genovese Drug Stores, Inc., plaintiff in Action No. 1, appeals from so much of (1) an order of the Supreme Court, Nassau County, dated October 1, 1976, as (a) granted the branch of defendant L. A. Wenger Contracting Co., Inc.'s, motion which sought summary judgment as against it and (b) denied its cross motion for leave to amend its complaint to plead a cause of action for breach of contract and (2) the judgment of the same court, entered thereon on December 2, 1976, as is against it and in favor of defendant Wenger. Judgment and order reversed insofar as appealed from, on the law, with $50 costs and disbursements payable by defendant L. A. Wenger Contracting Co., Inc., to appellant, the said branch of the motion for summary judgment is denied and appellant's cross motion is granted. The time within which appellant may serve its amended complaint in accordance herewith is extended until 20 days after service upon it of a certified copy of the order to be made hereon, together with notice of entry thereof. The basis for the grant of summary judgment was the general rule that "a general contractor is not responsible for the independent negligent act of his subcontractor" (see *Broderick v Cauldwell-Wingate Co.,* 301 NY 182, 187). An examination of that case, and of the cases that refer to it (e.g., *Smullen v City of New York,* 28 NY2d 66; *Sarnoff v Charles Schad, Inc.,* 22 NY2d

180; *Wright v Belt Assoc.,* 14 NY2d 129), reveals that the rule is applied where the liability being tested arises in an action by an injured subcontractor's employee against a contractor or an owner. It cannot serve as a basis for summary judgment here, where the allegation is that the work undertaken by L. A. Wenger Contracting Co., Inc., for appellant was negligently performed with the result that the appellant's property was damaged. Since the work was undertaken pursuant to contract, and as that contract was pleaded in the complaint and admitted by defendant Wenger's vice-president at his examination before trial, appellant should be permitted to allege a cause of action for breach of contract (see CPLR 3025, subd [b]). The amended pleading should state the elements of an action for breach of contract; this, however, is not accomplished by inserting the words "and breach of contract" in a paragraph of a complaint stating a cause of action in negligence (see CPLR 3013). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.