■ JOSEPH B. BRUTO, Respondent, v GEORGE HERMAN AND ASSOCIATES, INC., et al., Appellants. GEORGE HERMAN AND ASSOCIATES, INC., Third-Party Plaintiff-Appellant-Respondent, v WILLIAM HIGGINS & SONS, INC., Third-Party Defendant-Respondent-Appellant. DYNA CRETE CORPORATION, Third-Party Plaintiff-Appellant, v WILLIAMS HIGGINS & SONS, INC., Third-Party Defendant-Respondent-Appellant.—Judgment and order unanimously reversed, on the law, without costs, and complaint and third-party complaint dismissed. Denman, J., not participating. Memorandum: Plaintiff, an employee of a subcontractor, third-party defendant William Higgins & Sons, Inc., was injured in 1966 when he fell from a scaffold erected in violation of subdivision 2 of section 240 of the Labor Law. Plaintiff sued George Herman and Associates, Inc., the general contractor, and Dyna Crete Corporation, the subcontractor responsible for supplying precast concrete for the project. In its contract with the project owner, Herman agreed to "furnish all supplies and materials as hereinafter specified, labor, transportation and appliances and [to] perform all work as shown or required by the Drawings and described in the Specifications". The subcontract agreement between Herman and Dyna Crete for the precast concrete work contained this same language. Dyna Crete also subcontracted with Higgins to "Furnish all labor and trucking to complete the installation of the Precast Concrete * * * in accordance with [the architect's] plans and specifications * * * and with setting plans prepared by Dynacrete". There is no dispute that the scaffolding was owned, furnished and erected by Higgins. Section 240 of the Labor Law in 1966 provided, in part: "1. A person * * * directing another to perform labor of any kind in the erection * * * of a building or structure shall furnish or erect or cause to be furnished or erected for the performance of such labor, scaffolding * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed. 2. Scaffolding * * * more than twenty feet from the ground or floor * * * shall be so fastened as to prevent it from swaying from the building or structure." The jury rendered a verdict in favor of plaintiff on his section 240 of the Labor Law cause of action, apportioning 30% of the damage to the defendant Herman, 20% to defendant Dyna Crete, and 50% to the third-party defendant Higgins. It answered written interrogatories and found that neither Herman nor Dyna Crete exercised any direction, control or supervision over the work or employees of Higgins and did not violate subdivision 1 of section 240 of the Labor Law; that the scaffold was erected in violation of subdivision 2 of section 240 of the Labor Law because it was not properly fastened; that the violation was a proximate cause of the accident; and that Herman and Dyna Crete violated subdivision 2. A verdict of no cause of

action was returned in plaintiff's negligence cause of action. The court erred in charging the jury that if Herman and Dyna Crete undertook to furnish the scaffolds necessary for the performance of the work pursuant to their underlying contracts, they must comply with subdivision 2 of section 240 and could not avoid their statutory duty to a workman by delegating this obligation to another contractor. The statutory language of subdivision 1 does not impose liability upon an owner or a general contractor for injuries arising from defective appliances supplied by an independent contractor to his own employees (*Iacono v Frank & Frank Contr. Co.,* 259 NY 377, 382). Liability can result, however, if the injured workman is given direction as to how the work is to be performed or is directed to use equipment supplied by the owner or contractor (*Galbraith v Pike & Son,* 18 AD2d 39, 43). Both the plaintiff-respondent and the trial court misinterpreted *Sarnoff v Charles Schad, Inc.* (22 NY2d 180). The long-standing rule that a general contractor incurs liability under the statute for the safety of a scaffold where he supplied scaffolding for the use of the workman of his subcontractors was extended by *Sarnoff,* which cited *Galbraith* approvingly, to the situation where instead of providing the scaffolding himself, the general engages a subcontractor for that specific purpose. *Sarnoff* does not support the trial court's position that if the scaffold violated subdivision 2 of section 240 of the Labor Law, Herman and Dyna Crete would be responsible "as a matter of law" irrespective of a finding of a lack of direction under subdivision 1 of section 240. Liability may be imposed on the defendants Herman and Dyna Crete under section 240 of the Labor Law only if they gave direction as to the manner or method of the performance of the work by plaintiff or directed plaintiff to use scaffolding supplied by them. The only evidence linking Herman and Dyna Crete to the scaffolding is their respective contractual agreements and these cannot, by themselves, be the basis of liability under section 240 of the Labor Law (*Mueller v Greenpoint Sav. Bank,* 38 AD2d 741, affd 31 NY2d 890; see, also, *Duda v Rouse Constr. Corp.,* 32 NY2d 405, 408; *Ehrlich v C.B.S. Columbia,* 16 Misc 2d 793, 796, affd 9 AD2d 943, affd 8 NY2d 1113; *Deso v Albany Ladder Co.,* 26 AD2d 182). These contractual obligations may not be construed as an implied direction to plaintiff to use scaffolding, his employer (Higgins) furnished and erected. Technically, the answers to the interrogatories in this case were neither inconsistent with each other (according to the law as charged by the trial court) nor inconsistent with the general verdict. However, if the interrogatories based on the trial court's erroneous charge as to subdivision 2 of section 240 of the Labor Law are stricken, then the answers to the remaining interrogatories are consistent with each other but inconsistent with the general verdict. This court has the authority to enter a judgment in favor of defendants in accordance with the answers (CPLR 4111, subd [c]). Since the jury found that neither Herman nor Dyna Crete exercised any discretion, control or supervision over the work or employees of Higgins, they are not liable to plaintiff for a violation of subdivision 2 of section 240 (*Sarnoff v Charles Schad, Inc., supra).* Moreover, since the jury found that subdivision 1 did not apply, neither Herman nor Dyna Crete is liable for a violation of subdivision 2 (*Galbraith v Pike & Son, supra,* p 43). Although they were obligated under their respective contracts to provide "appliances" for the project which would include scaffolds, these contract agreements by themselves cannot be the basis of liability under section 240 of the Labor Law then in effect. (Appeals from amended judgment and order of Erie Supreme Court—negligence.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Schnepp, JJ.