■ INEZ B. TELLER, Individually and as Administratrix of the Estate of EARL A. TELLER, Deceased, Respondent-Appellant, v CLIFTON FAIRCHILD et al., Appellants-Respondents.—Judgment modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: This is an appeal by defendants from a judgment of $11,700 returned against them in a death action, and a cross appeal by plaintiff from that portion thereof which set aside the verdict of $5,000 for conscious pain and suffering

of plaintiff's decedent. On January 11, 1976, at approximately 6:00 P.M., decedent Earl A. Teller was operating his automobile alone in a westerly direction on Route 29 in the Town of Oppenheim when it collided with a pickup truck traveling easterly, owned by defendant Clifton Fairchild and operated by defendant Gregory J. Fairchild. The truck was rigged with a snowplow blade on the front and was pulling a trailer which in turn was carrying two snowmobiles. The driving conditions were poor and there were several inches of snow on the road with snowbanks along either side. After impact the Teller car, with damage to the left front door, came to rest backed against the snowbank on the north side of the road facing east. The pickup truck with its left front fender demolished ended up 40 feet east of the Teller car and backed into the south side snowbank and facing north across the road. The trailer and snowmobiles were lying on the highway between the vehicles. There was sufficient evidence of negligence from which the jury could have found that defendants' vehicle was traveling on the wrong side of the road at an improper speed and moving too fast for existing conditions. (See Vehicle and Traffic Law, §§ 1125, 1128, 1180.) The damages awarded in the death action were within the proof for this 70-year-old decedent, who had a life expectancy of approximately 10.2 years and earnings of $1,319.88 in 1975, supplementing his Social Security benefits. A more difficult question arises relative to the jury award of $5,000 for conscious pain and suffering which the trial court set aside. Medical testimony established that decedent, who died on January 18, seven days after the accident, sustained a large contusion and laceration over the left side of the scalp in front of the ear with brain damage and a blood clot, which was removed by a craniotomy. The attending physician first observed decedent in the intensive care unit where, while conscious and able to give his name, he was mentally obtund and showed no objective evidence of pain although the injury itself was of a painful nature. After transfer to the hospital where the surgical procedure was performed, the neurological surgeon testified that in response to pin prick tests on his arms and legs, decedent moved all four limbs, but moved his right side more than the left. In addition, there was testimony by the Deputy Sheriff who investigated the accident that although decedent had been removed from the scene before he arrived, he talked to him in the hospital and asked him several questions. The question of conscious pain and suffering was a factual one which was properly submitted to the jury and resolved by them in favor of plaintiff. There was a rational basis for such determination which should not be disturbed (*Bartkowiak v St. Adalbert's R. C. Church Soc.,* 40 AD2d 306, 309; *Bucek v Merritt,* 37 AD2d 905). In a death action the plaintiff is not held to as high a degree of proof as is otherwise required (*Noseworthy v City of New York,* 298 NY 76, 80). All concur, except Simons, J. P., and Witmer, J., who dissent and vote to affirm the judgment in the following memorandum.

Simons, J. P., and Witmer, J. (dissenting). We dissent from the modification and would affirm the judgment in all respects. The Trial Justice erred at the close of the evidence when he reserved decision on the motion to dismiss the cause of action for conscious pain and suffering and submitted the issue to the jury. After the jury returned a verdict for the plaintiff on that cause of action, however, the court "bit the bullet" and properly set it aside. There is not a scintilla of evidence in this case that the deceased suffered any pain, which is prerequisite for submission of such cause of action to a jury (EPTL 11-3.2, subd [b]; *Bruck v Meatto Trucking Corp.,* 20 AD2d 521; and see Ann, McKinney's Cons Laws of NY, Book 17B, EPTL 11-3.2, n 10). The fact that the injury was such as would cause pain and

suffering to a conscious person is insufficient to justify an award with respect to a person who was unconscious or otherwise unable to feel pain and where there is no evidence that he felt pain. The fact that decedent lived for a week after the accident makes this a difficult case, emotionally, for the application of this rule of law; and naturally the jury had sympathy for him. But no person testified that decedent exhibited any sign of pain or suffering. His widow testified that when she first saw him on the day after the accident, "he looked just as if he was dead * * * I couldn't get through to him." Dr. Burke testified that when he first saw decedent at the hospital he gave his name but could not respond to questions, and at no time did he exhibit "objective evidence of any pain"; and the doctor was unable "to determine that he had pain"; and that defendant was "obtund", that is, not alert. Dr. Wei, the surgeon who operated on decedent's brain, testified that in response to pin pricks decedent moved all four limbs; that he had received such a blow to his head that his brain had shifted to one side and rendered him unconscious and unable to communicate. He was not asked whether decedent's movement of his limbs indicated an ability to feel pain and did not testify that decedent suffered pain. Police Officer Walsh was asked whether he saw decedent at the hospital and he replied, "Yes, I talked *to* him, asked him a couple of questions" (emphasis added); but there is no testimony that decedent responded. When the officer than asked of counsel, "you want me to describe his condition", the attorney replied, "no". Lacking evidence, that decedent suffered any pain, it was improper for the court to permit the jury to speculate on the question; and this court should affirm the court's later action in setting aside the verdict. (Appeals from judgment of Herkimer Supreme Court—wrongful death, etc.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.