DAVID J. OAKLEY, Appellant, v CITY OF ROCHESTER, Respondent.

Fourth Department, November 16, 1979

16

## APPEARANCES OF COUNSEL

*Falk, Schoenwald, Klafter & Ange* (Sidney Schoenwald of counsel), for appellant.

*Louis N. Kash, Corporation Counsel* (Michael J. Looby of counsel), for respondent.

OPINION OF THE COURT

MOULE, J.

Plaintiff had given a gun safety demonstration to a group of boy scouts and was placing his guns in the trunk of his car when an undercover police car pulled up. The police had been called to the area because of a report of a peeping Tom. The police began to question plaintiff, and an altercation developed, resulting in plaintiff's arrest for assault, resisting arrest and harassment. Plaintiff was tried and acquitted of those charges.

Plaintiff commenced this action against the city alleging five theories of recovery: assault, false arrest, negligence, malicious prosecution and abuse of process. At the conclusion of testimony, the court dismissed the abuse of process claim and directed the jury to return general verdicts upon the remaining causes of action, accompanied by written answers to special interrogatories. On the negligence and assault claims, not involved in this appeal, the jury found for plaintiff and awarded damages totaling $2,500. On the false arrest claim, the general verdict was no cause of action. The accompanying interrogatory, asking whether defendant had established that the arrest was based upon probable cause, received a "yes" answer. On malicious prosecution, the general verdict was for plaintiff. The accompanying interrogatories pertained only to the existence of and amount of damages.

The trial court, upon motion pursuant to CPLR 4111 (subd. [c]), set aside the verdict for plaintiff on the malicious prosecution cause of action as inconsistent with the jury's finding of probable cause on the false arrest cause of action. Plaintiff raises one contention on appeal: that the jury verdict for plaintiff for malicious prosecution was not inconsistent with the jury's finding of probable cause for arrest and should, therefore, not have been set aside.

CPLR 4111 (subd [c]) empowers the court to require the jury to return a general verdict accompanied by answers to written interrogatories upon issues of fact. When the answers to one or more of the interrogatories conflict with the general verdict, the court can do one of three things. First, it can as the court did here, set aside the general verdict and direct entry of judgment in accordance with the answers. Second, it can require the jury further to consider its answers and verdict. Third, it can order a new trial (see *Jacques v Sears, Roebuck & Co.,* 30 NY2d 466; *Bruto v Herman & Assoc.,* 64 AD2d 844).

■ ■ To establish malicious prosecution, a plaintiff must show: the commencement or continuation of a criminal proceeding by the defendant against plaintiff; the termination of the proceeding in favor of the accused; the absence of probable cause for the criminal proceeding; and actual malice *(Martin v City of Albany,* 42 NY2d 13; *Broughton v State of New York,* 37 NY2d 451; *Mullen v Sibley, Lindsay & Curr Co.,* 71 AD2d 21).* To establish false arrest, a plaintiff must show: defendant intended to confine him; plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and the confinement was not otherwise privileged *(Boose v City of Rochester,* 71 AD2d 59).* Where an arrest is effected without a warrant, the existence of probable cause for the arrest is a legal defense to false arrest, and must be proved by the defendant *(Broughton v State of New York, supra).*

■ One of the major distinctions between the above two theories of recovery is the time when each occurs. Where both false imprisonment and malicious prosecution are established, the damages for false arrest are measured up to the time of arraignment or indictment, whichever occurs first. Damages for malicious prosecution are measured from that time until the conclusion of the criminal prosecution *(Broughton v State of New York, supra; Williams v City of Buffalo,* 72 AD2d 952).* Consequently, it is conceivable that probable cause could be present at the time of arrest, while later, some fact could surface which would eliminate that probable cause. If probable cause were no longer present at the time of arraignment or indictment, malicious prosecution might then lie.

The jury's verdict for plaintiff on malicious prosecution and its finding of probable cause for the arrest are not necessarily inconsistent. In setting aside the verdict as inconsistent, however, the trial court indicated that it did so in reliance upon the evidence. The record reveals no proof which would go to malicious prosecution other than that which related to the arrest. The jury found that the officers had probable cause to arrest plaintiff for assault, resisting arrest and harassment. There was no evidence adduced at trial of facts which might have later come to light to cast doubt upon the existence of probable cause. Further, there was no evidence adduced of fraud, perjury, or the misrepresentation or falsification of evidence to rebut the presumption of probable cause which

flows from arraignment (see *Broughton, supra;* cf. *Budgar v State of New York,* 98 Misc 2d 588).

Plaintiff asserts that the jury's finding of probable cause may have been based upon a peeping Tom report which drew the police to the area originally. He asserts that the jury may have felt that the police had probable cause to make the initial arrest based upon the suspicion that plaintiff was the peeping Tom but that, when plaintiff explained the situation, they should not have prosecuted. The court, however, was careful in its charge to the jury to distinguish the original report from the actual grounds upon which plaintiff was arrested and prosecuted. The jury was informed that the report was the basis of the officers' right to inquire as to what plaintiff was doing, but that the arrest itself resulted from subsequent events and the jury found probable cause for such arrest. The trial court was correct in finding an inconsistency and it was within that court's discretion to set aside the malicious prosecution verdict on that basis.

The judgment should be affirmed.

CALLAHAN, J. (dissenting). I dissent and vote to reinstate the jury verdict in the malicious prosecution action. For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence requires a very harsh and drastic assessment. On appeal we must review the proof in the light most favorable to the plaintiff (see *Colegrove v City of Corning,* 54 AD2d 1093). In its decision setting aside the verdict the court acknowledged that it "can conceive of there being probable cause for an arrest and there being a lack of probable cause for malicious prosecution, for a prosecution which could be determined afterward if there were incidents after the arrest." The jury agreed and so determined. There was probable cause in the record to make a lawful arrest on the "peeping Tom" report when they saw plaintiff with guns. They had no right, however, to continue prosecution once they discovered that he was not the "peeping Tom" but rather was a good citizen of the community who had just completed a gun safety demonstration before a group of boy scouts at the Dewey Avenue Presbyterian Church.

In order to justify setting aside this verdict, the court had to find that the evidence was so heavily weighted against the verdict that such a finding could not have been reached upon any fair interpretation of the evidence *(Ellis v Hoelzel,* 57 AD2d 968; *McDowell v Di Pronio,* 52 AD2d 749). It was

improper in my view for the court to substitute its judgment for that of the jury and conclude from the record herein that the verdict was inconsistent. Where as here there is a rational basis for such determination by the jury, the verdict should not be disturbed *(Teller v Fairchild,* 67 AD2d 1105).

CARDAMONE, J. P., SCHNEPP and WITMER, JJ., concur with MOULE, J.; CALLAHAN, J., dissents and votes to reinstate the verdict in an opinion.

Judgment affirmed, without costs.