■ RONALD MORSE et al., Appellants, v COUNTY OF HERKIMER et al., Defendants, and TOWN OF WARREN, Respondent. (Appeal No. 1.)—Order and judgment unanimously affirmed, without costs. (See *Bradshaw v Paduano,* 55 AD2d 828.) (Appeal from order and judgment of Herkimer Supreme Court—automobile negligence.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Moule, JJ.

■ RONALD MORSE et al., Appellants, v COUNTY OF HERKIMER et al., Respondents. (Appeal No. 2.)—Judgment unanimously affirmed, without costs. (See *Teller v Fairchild,* 67 AD2d 1105.) (Appeal from judgment of Herkimer Supreme Court—automobile negligence.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Moule, JJ.

■ THEODORE C. SIWULA et al., Appellants, v ALLEGANY COUNTY BOARD OF LEGISLATORS et al., Respondents.—Judgment unanimously affirmed, without costs, for the reasons stated in the memorandum decision at Special Term, Serra, J. (Appeal from judgment of Allegany Supreme Court—art 78.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Moule, JJ.

■ In the Matter of MORRIS I. LIEBESKIND, Appellant, v THOMAS M. MACKINNON, as Erie County Commissioner of Parks and Recreation, et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: In this CPLR article 78 proceeding, petitioner appeals from the dismissal at Special Term of his petition to be reinstated to his former position of Deputy Commissioner of Recreation in the Department of Parks and Recreation of Erie County. Petitioner argues that as an honorably discharged veteran he is protected by the provisions of section 75 of the Civil Service Law from dismissal except for incompetency or misconduct shown after a hearing on stated charges. We affirm Special Term's holding that petitioner was a "deputy" within the meaning of section 75 (subd 1, par [b]) and as such was excepted from the provisions of that section. We find statutory authority for the delegation by the Commissioner of Parks and Recreation of certain of his duties to the Deputy Commissioner of Recreation. Among the duties of the Commissioner of Parks and Recreation is "supervision and control over the design, construction, operation, maintenance and repair of all county owned and operated properites and facilities [including] recreation facilities" (Erie County Charter, § 702). Section 7.03 of the Erie County Administrative Code provides that the Deputy Commissioner of Recreation shall, *inter alia,* "supervise and direct such county recreational facilities as the commissioner of parks and recreation shall designate". Clearly, the commissioner is authorized to delegate to the deputy as much of his "supervision and control" over the recreation facilities as he wishes. The evidence concerning petitioner's duties supports the conclusion that the commissioner did in fact delegate his "supervision and control" of the recreation facilities to petitioner, thus constituting petitioner his deputy. (See *Matter of Behringer v Parisi,* 5 NY2d 147; *Matter of Byrnes v Windels,* 265 NY 403.) (Appeal from order of Erie Supreme Court—art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.

■ In the Matter of WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v ROBERT HAWTHORNE et al., Appellants.—Order unanimously reversed, with costs, and petition dismissed. Memorandum: Absent a finding of abuse or unreasonable parental demands, it is an improper use of judicial discretion to direct reimbursement by a parent to the Department of Social Services for public assistance rendered to a minor who has abandoned her home. Although the statutory obligation of parents to support a child (Family Ct Act, § 415; Social Services Law, § 101) is stated in mandatory