**Timothy COYLE, Plaintiff,**

v.

**Susan COYLE, individually, Pamela Olsen, Detective/Agent, individually and in her official capacity as an officer of the Nassau County Police Department, Steven Degraziano, Lieutenant, individually and in his official capacity as an officer of the Nassau County Police Department, The Nassau County Police Department, and The County of Nassau, Defendants.**

**No. 03 CV 3286 ADS ARL.**

United States District Court,
E.D. New York.

Jan. 24, 2005.

Timothy Coyle, Huntington, NY, Plaintiff Pro Se.

Raoul Lionel Felder, P.C. by James P. Curran, Esq., New York City, for Defendant Susan Coyle.

Lorna B. Goodman, Nassau County Attorney by Sean R. Strockyj, Deputy County Attorney, Mineola, NY, for Defendants Detective Pamela Olsen, Officer Steven Degraziano, the Nassau County Police Department, and the County of Nassau.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arises out of a Domestic Incident Report filed by Susan Coyle at the Eighth Precinct, Nassau County Police Department stating that Timothy Coyle (the "Plaintiff") threatened her in violation of an Order of Protection. Timothy Coyle commenced this action against his former wife Susan Coyle, Detective Pamela Olsen ("Detective Olsen"), Lieutenant Steven Degraziano ("Lieutenant Degraziano"), the Nassau County Police Department ("Police Department"), and the County of Nassau ("County"). Pending before the Court is a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") by Detective Olsen, Officer Degraziano, the Police Department, and the County (collectively, the "County Defendants").

## I. BACKGROUND

### A. Procedural History

On July 7, 2003, the Plaintiff commenced this action. The County Defendants moved to dismiss the claims against them and Susan Coyle answered the Complaint and asserted several counterclaims against the Plaintiff. By Memorandum of Decision and Order dated February 9, 2004,

the Court granted the County Defendants Motion to Dismiss and granted the Plaintiff leave to amend. On August 30, 2004, the Court granted the Plaintiff's motion to dismiss Susan Coyle's Counterclaims and *sua sponte* dismissed all of the Plaintiff's claims against Susan Coyle with the exception of the claim for malicious prosecution. Pending before the Court is the County Defendants' motion to dismiss the amended complaint.

## B. Factual Background

For purposes of this motion, the facts alleged in the amended complaint are taken as true as set forth below.

On October 4, 2002, at approximately 7:00 p.m., the Plaintiff met his former wife Susan Coyle in front of the Eighth Precinct, Nassau County Police Department in Levittown, New York (the "Eighth Precinct") to pick up his two children for purposes of visitation. At this time, the Plaintiff asked Susan Coyle to place him on the children's school's "Emergency Notification List." Susan Coyle responded that "this is not the time or the place for these discussions" to which the Plaintiff responded "if you don't put me on the schools' 'Emergency Notification List,' I will prepare a Motion tomorrow."

Thereafter the Plaintiff placed the two children in his car and left the Eighth Precinct's parking lot. Susan Coyle proceeded into the Eighth Precinct and filed a Domestic Incident Report and signed a "Police Department, County of Nassau, N.Y. Supporting Deposition." The Supporting Deposition stated:

I was at the 8th Pct Station house 286 Wantagh Ave Levittown dropping off my children to my husband for visitation. My husband Timothy Coyle was outside of the station house waiting, when I pulled up. We are suppose[d] to exchange the children inside of the Police Station. When I proceeded to return to my car after giving him the children, my husband Timothy Coyle began a verbal argument with me about the children. When I told him that this was not the time or place for these discussions he stated "I will do something tomorrow." The subject states this in a threatening tone. I fear for my safety. I feel threatened by this remark. The subject Timothy Coyle is a violator of Order # 2002NO2022 Index # 0–4878–02 issued on 5/06/02 in effect until 11/06/02 by Judge Juliane S. Eisman, Nassau County Family Court. I want my husband Timothy Coyle arrested for violating the order of protection. The above information is true and accurate as I know it to be. P.O. Carlo Maltempi is writing this statement on my behalf.

/s/ Susan M. Coyle

/s/ P.O. Carlo Maltempi

On October 5, 2002, the Plaintiff went to the Eighth Precinct to return his children to Susan Coyle. At the time of the exchange, "[c]ertain police officers" told the Plaintiff that he was required to go to the second floor of the Eighth Precinct to talk to the detectives. The Plaintiff then stated that he could not talk to the detectives because he was in a hurry to be somewhere else. Two police officers blocked the Plaintiff's exit from the Eighth Precinct and told the plaintiff that "he did not have a choice and must go upstairs and see the detectives right away." The Plaintiff was subsequently arrested and was charged with violating New York State Penal Law Section 215.50(3), Criminal Contempt in the Second Degree. Detective Olson was the arresting officer and Lieutenant Degraziano signed the paperwork approving the arrest. The Plaintiff was fingerprinted and handcuffed.

Thereafter, under the supervision of Lieutenant DeGraziano, the Plaintiff was

transported to the Nassau County Central facility in Mineola, New York, where the plaintiff was booked and forced to spend the night in a Nassau County jail. During the entire time that the Plaintiff was at the Eighth Precinct, he was handcuffed and was not free to leave.

On June 24, 2003, a "plenary trial" was held in Nassau County Supreme Court before Judge Claire Weinberg. At the "trial," Susan Coyle testified on behalf of the prosecution. Susan Coyle was asked how she interpreted Timothy Coyle's prior statement "I will do something tomorrow" to which she answered "I had no clue what it could mean." The Plaintiff was found not guilty as to the charge of Criminal Contempt in the Second Degree.

The Plaintiff contends that Susan Coyle "continued and encouraged the criminal proceeding against the plaintiff by failing to honor a STIPULATION OF SETTLE-MENT (hereinafter Stipulation) in Her Divorce Action," dated January 15, 2003, which stated, in part, that "[a]ny and all District Court actions in which either party is a defendant shall be discontinued provided the District Attorney consents to the discontinuance." According to the Plaintiff, Susan Coyle intentionally failed to notify the District Attorney regarding this provision of the Stipulation and participated as a witness against the Plaintiff to ensure that the District Court action would not be discontinued.

The Plaintiff also claims that the temporary order of protection was not in effect at the time of the alleged occurrence because it was superceded by an subsequent order of protection issued on September 26, 2002 that states "this Order supersedes all prior Orders of the Court." The September 26, 2002 Order was in effect until March 26, 2003. However, the Court's review of the September 26, 2002 order, which was attached to the County Defendants' Memorandum in Support of its Mo-

tion reveals that this Order served to extend the original order of protection that was the subject of the arrest in question. *See Davis v. Cotov,* 214 F.Supp.2d 310, 315 (E.D.N.Y.2002) (This Court took judicial notice of the fact that the plaintiff pled guilty to a parole violation when the defendants attached a copy of the Administrative Decision Notice from the State of New York, Executive Department, Board of Parole to their motion papers).

Reading the *pro se* amended complaint liberally, it appears that the Plaintiff asserts the following Section 1983 and New York State law claims against the County Defendants: (1) false arrest; (2) false imprisonment; and (3) malicious prosecution. The Plaintiff also asserts New York State law claims for assault and battery.

## II. DISCUSSION

### A. Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), the Court must liberally construe the claims, accepting all the factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). "The issue to consider is not whether the plaintiff will ultimately prevail but whether [he] is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (citation omitted). Dismissal is proper only if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See King v. Simpson,* 189 F.3d 284, 286 (2d Cir.1999).

In making this determination, the Court is mindful that the plaintiff's *pro se* status means that his submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66

L.Ed.2d 163 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit rights by virtue of his lack of legal training. *See Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983). Indeed, courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, pro se status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Traguth,* 710 F.2d at 95 (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)).

**B. As to the Federal and New York State Law Claims for False Arrest, False Imprisonment, and Malicious Prosecution.**

The Fourth Amendment provides the constitutional basis for claims of false arrest, false imprisonment, and malicious prosecution. *Singer v. Fulton County Sheriff,* 63 F.3d 110, 115 (2d Cir.1995); *McBride v. City of New Haven,* No. 97 Civ. 1475, 2000 WL 559087, at *7 (D.Conn. March 30, 2000). Timothy Coyle asserts these claims on the ground that the County Defendants lacked probable cause to arrest him. *See McBride,* 2000 WL 559087, at *7 (To prove a violation of the Fourth Amendment, the Plaintiff must show, among other things, that he was arrested and/or prosecuted without probable cause.).

**1. As to the claims for false arrest and false imprisonment.**

A claim for false arrest is a type of claim for false imprisonment. *Weyant v. Okst,* 101 F.3d 845, 853 (2d Cir.1996). A false arrest claim/false imprisonment claim arising under Section 1983 is "substantially

the same" as a false arrest claim arising under state law. *Id.* at 852. As stated above, the "existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest whether that action is brought under state law or under § 1983." *Id.* (internal quotations and citations omitted).

Probable cause to arrest exists when an officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jocks v. Tavernier,* 316 F.3d 128, 134 (2d Cir.2003) (internal quotations and citations omitted); *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994). "Whether or not an officer had probable cause to make an arrest is a question of what the officer knew at the time of the arrest and whether she or he was reasonable in relying on that knowledge." *Gaskins v. City of New York, et al.,* No. 03 Civ. 0605, 2004 WL 1777585, at * 2 (S.D.N.Y. Aug. 6, 2004) (citations omitted). An arresting officer may rely on the report of a victim of a crime. *See Loria v. Gorman,* 306 F.3d 1271, 1290 (2d Cir.2002). That the plaintiff was found not guilty has no bearing on his false arrest claim. *See Singer,* 63 F.3d 110, 118 ("a favorable termination of the proceedings is not an element of [the] tort [of false arrest]").

The crucial inquiry is whether Susan Coyle's accusation provided the County Defendants with probable cause to believe that the Plaintiff violated the Order of Protection; not whether he actually committed a criminal act. In deciding this motion, the Court assumes that the County defendants knew only what the complaint states they saw and heard. Based on the facts alleged in the amended complaint, the officers had no reason to ques-

tion the truthfulness of the Supporting Deposition or the veracity of Susan Coyle. Her complaint and supporting deposition that the Plaintiff violated an existing order of protection was sworn to under oath. In addition, the Plaintiff does not allege any facts that should have caused the arresting officers to doubt the truthfulness of the sworn statement or the veracity of the complaining witness, Susan Coyle. "[A]bsent circumstances that raise doubts as to the victim's veracity," *Thomas v. County of Putnam*, 262 F.Supp.2d 241, 247 (S.D.N.Y.2003) an arresting officer may rely on the report of a victim of a crime. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir.2001) ("When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity."); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir.1995) (Finding that "[t]he predicate for [the arresting officer's] conclusion that probable cause existed to arrest plaintiff for assault was the sworn statement provided by the victim.").

The Plaintiff further contends that "any reasonably prudent police officer would have ascertained whether the temporary order of protection [that he] was arrested for violating (issued May 6, 2002) was in effect at the time of the alleged occurrence (October 4, 2002)." However, "because probable cause does not require the police to be certain that subsequent prosecution of the arrestee will be successful, it is of 'no consequence that a more thorough or more probing investigation might have cast doubt on the situation.'" *McBride*, 2000 WL 559087, at *11 (D.Conn. March 30, 2000) (quoting *Krause v. Bennett*, 887 F.2d 362, 371 (2d Cir.1989)); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir.1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically

plausible claim of innocence before making an arrest.").

Based on the information available to them at the time, Lieutenant Degraziano and Detective Olsen had probable cause to arrest Timothy Coyle, and "the fact that they did not continue to investigate is not material to the probable cause determination." *McBride*, 2000 WL 559087, at *11. The Court has reviewed the September 26, 2002 order of protection that the Plaintiff claims superceded and voided the May 6, 2002. The Court disagrees with the Plaintiff's interpretation and notes that it merely extended the original order and did not alter, void, or terminate the May 6, 2002 order it in any way. In any event, even if the order of protection that Timothy Coyle was arrested for violating was, as the Plaintiff contends, "null and void," "probable cause to arrest can exist even when the arrest is based on mistaken information, so long has the arresting officer acted reasonably and in good faith in relying upon that information." *Welch v. City of New York, et al.*, No. 95 Civ. 8953, 1997 WL 436382, at * 5 (S.D.N.Y. Aug. 4, 1997) (internal quotations and citations omitted) (finding probable cause existed when the arresting officer was shown an order of protection that appeared valid on its face, even though the order of protection had been amended prior to the arrest). Thus, the Plaintiff has not alleged facts that support claims for false arrest and/or false imprisonment.

Because the Court finds that Detective Olsen and Lieutenant Degraziano had probable cause to arrest the Plaintiff, the federal and New York State claims against them for false arrest and false imprisonment are dismissed.

### 2. As to the claim for malicious prosecution.

To prevail on a Section 1983 claim against a state actor for malicious prosecu-

tion, a plaintiff must show a violation of his rights under the Fourth Amendment, *see e.g.*, *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir.1997), *cert. Denied*, 522 U.S. 1115, 118 S.Ct. 1051, 140 L.Ed.2d 114 (1998), and establish the elements of a malicious prosecution claim under state law, *see e.g.*, *Russell v. Smith*, 68 F.3d 33, 36, (2d Cir. 1995); *Janetka v. Dabe*, 892 F.2d 187, 189 (2d Cir.1989).

 Under New York law, [t]he elements of an action of malicious prosecution are (1) the initiation and continuation of a proceeding, (2) its termination favorably to plaintiff; (3) lack of probable cause for that proceeding; and (4) malice. *O'Brien v. Alexander*, 101 F.3d 1479, 1484 (2d Cir. 1996); *Colon v. City of New York*, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455, 455 N.E.2d 1248 (1983). Liability for the New York common law tort of malicious prosecution also gives rise to liability under 42 U.S.C. § 1983, *See e.g., Cook v. Sheldon*, 41 F.3d 73, 77–79 (1994). As with false arrest, a showing of probable cause to prosecute is a complete defense to a claim of malicious prosecution claim. *See Colon*, 60 N.Y.2d at 82, 468 N.Y.S.2d at 455, 455 N.E.2d 1248. In that regard, "[a] finding of probable cause supporting an arrest defeats a malicious prosecution claim unless plaintiff can demonstrate that at some point subsequent to the arrest, additional facts came to light that negated probable cause." *See Dukes v. City of New York*, 879 F.Supp. 335, 342 (S.D.N.Y.1995) (citing *Oakley v. Rochester*, 71 A.D.2d 15, 421 N.Y.S.2d 472 (4th Dep't 1979), *aff'd*, 51 N.Y.2d 908, 434 N.Y.S.2d 977, 415 N.E.2d 966 (1980)).

Reading the amended complaint liberally reveals that the Plaintiff's claims with regard to a claim for malicious prosecution against the County Defendants are as follows:

¶ 34 That the defendants, The County of Nassau, and the Nassau County Police Department have failed, neglected and refused to pay, settle, compromise, or adjust the claim of the plaintiff herein.

¶ 53 The Nassau County Police Department had ample opportunity to explore the facts and ascertain which temporary order of protection was in effect at the time of the occurrence.

¶ 54 Instead, the Nassau County Police Department officers negligently and recklessly rushed to judgment without conducting any degree of a reasonable investigation whatsoever, and violated Mr. Coyle's civil rights.

Even though the amended complaint also alleges that Susan Coyle intentionally failed to notify the district attorney that she entered into a "stipulation of settlement" in which she agreed to "discontinue all District Court actions provided that the district [a]ttorney consents to such discontinuance," Timothy Coyle does not claim that the County Defendants had notice of this stipulation; that they learned of any information vitiating the probable cause for the arrest; or that they prosecuted the underlying charges with malice. Accordingly, the Section 1983 and the New York State cause of action for malicious prosecution is dismissed.

## C. As to Municipal Liability.

 The Plaintiff also names the Nassau County Police Department and the County of Nassau as defendants in his complaint. A municipal body may not be held liable under § 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Pembaur v. Cincinnati*, 475 U.S. 469, 478–79, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir.2000) (noting that a

municipality "cannot properly be held liable ... unless the 'injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official policy'"), *cert. denied*, 531 U.S. 813, 121 S.Ct. 47, 148 L.Ed.2d 16 (2000); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991).

Having concluded that the Plaintiff has not sufficiently alleged that his constitutional rights were violated, the Court finds that there can be no cognizable claim against the municipal defendants. *Dodd v. Norwich*, 827 F.2d 1, 8 (2d Cir. maintain a claim against the municipality). Moreover, there are no allegations concerning an underlying municipal policy or custom which deprived the plaintiff of a constitutional right. Thus, the Plaintiff's claims for municipal liability also fail against the Police Department and the County.

**D. As to the New York State Law Claims for Assault and Battery.**

██ A review of the amended complaint reveals no claim for excessive force pursuant to Section 1983. However, there are claims for assault and battery pursuant to New York State Law. Because the federal claims against the County Defendants are dismissed in their entirety, the only claims remaining in this action are the alleged state law assault and battery causes of action against the County Defendants and the state law cause of action for malicious prosecution against Susan Coyle. In that regard, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims. *See* 28 U.S.C. 1367(c)(3) (stating that the Court may decline to exercise supplemental jurisdiction if the Court has dismissed all claims over which it had original jurisdiction); *see also Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1490 (2d Cir.1993) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to

exercise jurisdiction over the remaining state-law claims."); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994). Accordingly, the New York State law assault and battery claims against the County Defendants and the state law cause of action for malicious prosecution against Susan Coyle are dismissed without prejudice.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the motion to dismiss the amended complaint pursuant to Fed. R.Civ.P. 12(b)(6) by Detective Pamela Olsen, Lieutenant Steven Degraziano, the Nassau County Police Department, and the County of Nassau is **GRANTED**; and it is further

**ORDERED**, that all the federal claims against Detective Pamela Olsen, Lieutenant Steven Degraziano, the Nassau County Police Department, and the County of Nassau are dismissed with prejudice; and it is further

**ORDERED**, that the New York State law claims for assault and battery against Detective Pamela Olsen, Lieutenant Steven Degraziano, the Nassau County Police Department, and the County of Nassau are dismissed without prejudice; and it is further

**ORDERED**, that the Court *sua sponte* dismisses the New York State law claim for malicious prosecution against Susan Coyle without prejudice; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**